**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael DUNN (aka Mike Dunn),
Defendant-Appellant.**

**No. 24380.**

United States Court of Appeals,
Ninth Circuit.

March 23, 1973.

Rehearing Denied June 22, 1973.

Gregory R. Harris (argued), John Carlson, of Duryea, Carpenter & Barnes, Newport Beach, Cal., for defendant-appellant.

Dennis M. O'Connell, Atty. (argued), Raymond N. Zagone, Atty., Shiro Kashiwa, Asst. Atty. Gen., Lands and Natural Resources Division, Dept. of Justice, Washington, D. C., Robert L. Meyer, Thomas H. Coleman, Ernestine Tolin, Asst. U. S. Attys., San Francisco, Cal., for plaintiff-appellee.

Before KOELSCH, CARTER and WRIGHT, Circuit Judges.

KOELSCH, Circuit Judge.

This matter involves a dispute between the government and a group of persons, defendants, below, who are asserting an easement for a road across public lands.[1] It is here on defendant's appeal from partial summary judgment holding defendants trespassers and the government entitled to immediate possession of the government lands over which defendants were constructing portions of the road at the time this suit was commenced.

We conclude the judgment cannot stand. Summary judgment may not be entered unless, in the language of Rule 56(c) Fed.R.Civ.P., ". . . the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This record discloses several such issues.

Defendants asserted the doctrine of easement by implication and necessity as the basis for the road.[2] They

---

1. The complaint names several persons as defendants, but the judgment, as well as the writ, runs solely against one of them— Michael Dunn, and leaves the present status of the others unclear. References to "the defendants" throughout this opinion include not only Dunn but any other of the defendants who are interested.

2. Since the government did not, in our judgment, raise the point upon which Judge Wright bases his dissent, we have not discussed it in the opinion, but nevertheless did give it due consideration and concluded that it lacked merit. 3 Powell, Real Property, 443–444. *See* Superior Oil v. United States, 353 F.2d 34 (9th Cir. 1965).

The doctrine applies to roads:
"A way of necessity arises where there is a conveyance of a part of a tract of land of such nature and extent that either the part conveyed or the part retained is entirely surrounded by the land from which it is severed or by this land and the land of strangers. It is a universally established principle that where a tract of land is conveyed which is separated from the highway by other lands of the grantor or surrounded by his lands or by his and those of third persons, there arises, by implication, in favor of the grantee, a way of necessity across the premises of the grantor to the highway. . . ." (17 Am.Jur. Easements, § 58).

relied upon affidavits, etc. which tended to show that they succeeded, through mesne conveyances, to the ownership or control of a number of sections and partial sections of land which had been patented in the year 1906 to the Southern Pacific Railway Company, pursuant to Congressional grant to aid in the construction of railroads (Act of July 27, 1866, 14 Stat. 292; Act of Mar. 3, 1871, 16 Stat. 573); that the lands so patented were and are wholly surrounded by public lands and that no roads to defendants' lands have ever existed nor do the patents make any provision for access; that the lands, although never exploited commercially, have utility for some purposes and that defendants desire to "develop" them and sell parcels for home-sites and recreational uses; that the defendants, to that end, laid out and commenced to construct a two lane surfaced road suitable for vehicular travel, linking said sections together and providing access to them; that upon completion defendants intended to dedicate the road to the public. They make further statements concerning the route selected and the width of the road, which tend to show that the course is predominantly dictated by the nature of the surrounding terrain and that the size is commensurate with the probable need.

The court held this showing insufficient to meet the government's motion. It gave two reasons. The first that no necessity appeared. Said the

---

The court, apparently as a third basis for its ruling, gratuitously held that defendants had no right by statute to an easement. Thus, in the course of its opinion the court declared "[t]he Congressional statute provides for the construction of public highways by duly constituted public authorities over public lands, but it does not provide for the construction of roads of the nature here involved on the public lands by private persons." The court did not designate the statute referred to but no doubt had in mind 43 U.S.C. § 932, for both parties now discuss that statute in their briefs on appeal and defendants place considerable reliance upon it as a separate basis for their attack on the summary judgment. Since the cause must go back to the district court, we will assume that the reference was to 43 U.S.C. § 932 and undertake to consider it.

43 U.S.C. § 932 reads as follows: "The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted."

This statute constituted section 8 of the Act of July 26, 1866, 14 Stat. 251, R.S. § 2477; the historical conditions leading to its enactment and the circumstances of its operation are set out and carefully explained at considerable length in Central Pac. R. Co. v. Alameda Co., 284 U.S. 463, 52 S.Ct. 225, 76 L.Ed. 402 (1932) and will not be repeated here. Suffice to say that the statute was passed to protect persons who have already encroached upon the public domain without authorization but who have been allowed to remain there with the knowledge and acquiescence of the government and who should not in conscience be deemed trespassers. It was not intended to grant rights, but instead to give legitimacy to an existing status otherwise indefensible. That such is its purpose is clear. Justice Sutherland, speaking for the Court, in the Central Pacific case, pointed out that the statute "is controlled by the same general principles." [284 U.S. at 472, 52 S.Ct. at 228] as those embraced in companion section 9 of the same Act, which relates to ditches and canals on the public domain. And to declare those "principles" he quoted the following from Broder v. Water Company, 101 U.S. 274, 25 L.Ed. 790 (1872):

" 'It is the established doctrine of this court that rights of . . . persons who had constructed canals and ditches . . . are rights which the government had, by its conduct, recognized and encouraged and was bound to protect before the passage of the Act of 1866.' We are of the opinion 'that the section of the Act which we have quoted was rather a voluntary *recognition of a preexisting right of possession*, constituting a valid claim to its continued use, than the establishment of a new one.' " (284 U.S. at 469–470, 52 S.Ct. at 227).

None of the cases cited and relied upon by defendants is apposite; they treat of long established roads or highways and hence do not present the question, as here, whether the statute authorized one to commence construction of a way over public lands. Defendants' own affidavits showing, as they do, that the road is as yet not even ready for use, render inapplicable the protective provisions of 43 U.S.C. § 932.

court: "It is interesting in connection with the claim of the defendants to a way of necessity that they have not shown that any of the parcels as to which defendants claim an interest is entirely landlocked." Even if the record bore out this statement, such fact would not necessarily have ended the matter.[3] However, the record is to the contrary; it includes, in addition to defendants' statements concerning lack of access to their lands, a plat which tends to show that most, if not all, of defendants' lands are wholly surrounded by those of the government.

The district court, as the second basis for its ruling, declared in effect that, assuming an easement, the road exceeded in scope that contemplated by the government at the time patent issued.[4] But that fact does not support, let alone require, the conclusion reflected in the summary judgment that defendants are wholly without a right nor does it justify the broad order directing them to quit the public land altogether.

The defendants, having raised a factual issue as to whether or not they hold an easement, are entitled to a hearing to determine not only that issue, but the incidental ones that relate to it.

The judgment is vacated and the cause is remanded to the district court for further proceedings consistent with this opinion.

EUGENE A. WRIGHT, Circuit Judge (dissenting):

I dissent:

I would hold that under the facts of this case the doctrine of easement by necessity is not binding on the United States and accordingly I would affirm the granting of summary judgment.

3. "Absolute" necessity is not always prerequisite to an implied easement. 2 Thompson, on Real Property, § 353.

4. In this conclusion, the district court noted defendants' concessions to the effect that the government at the time of patent

(1906) had not intended a highway for motor vehicles across its retained lands. but this concession does not foreclose all inquiry into questions of size, nature and course of a road. See Superior Oil Co. v. United States, 353 F.2d 34 (9th Cir. 1965).