**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**GATES OF THE MOUNTAINS**
**LAKESHORE HOMES, INC.,**
**et al., Defendants-Appellees,**

**and**

**Mountain States Telephone & Telegraph**
**Company, et al.,**
**Defendants-Intervenors-Appellees.**

**No. 83–4041.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 1984.

Decided May 8, 1984.

Thomas H. Pacheco, Atty., U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellant.

P. Keith Keller, Keller, Reynolds, Drake, Sternagen & Johnson, Thomas C. Honzel, Lawrence D. Huss, Jerome T. Loendorf, Harrison, Loendorf & Poston, Helena, Mont., for Gates of the Mountains et al.

Before WRIGHT, GOODWIN and NORRIS, Circuit Judges.

GOODWIN, Circuit Judge.

The United States appeals from a determination that its property rights are not violated by a power line laid along a road traversing public land. We reverse.

The American Bar Road, which crosses the Helena National Forest, provides access to Gates of the Mountain Lakeshore Homes, a residential subdivision in Lewis and Clark County, Montana. In 1975, the Montana Power Company applied to the Forest Service for permission to run a powerline to the subdivision beneath the road. After conducting an environmental analysis, the Forest Service denied the application on the ground that the powerline could be routed over private property. In 1978, the subdivision installed a powerline under the American Bar Road without Forest Service approval. It did, however, obtain from Lewis and Clark County a permit that purported to authorize the installation of the line pursuant to a Montana statute.

After Gates of the Mountains refused to remove the powerline, the United States brought this action, seeking damages and an injunction. The district court, 565 F.Supp. 788 (D.Mont.1983), granted defendants summary judgment with respect to their use of the American Bar Road.[1]

This case turns on the scope of the right of way in the American Bar Road, which was constructed across unreserved public

---

1. The district court ruled against defendants regarding their use of a second road known as the

land.[2] When Lewis and Clark County declared the American Bar Road a public road on March 21, 1901, the United States granted a right of way pursuant to § 2477 of the Revised Statutes.[3] Any doubt as to the scope of the grant under R.S. 2477 must be resolved in favor of the government. *Humboldt County v. United States*, 684 F.2d 1276, 1280 (9th Cir.1982).

▆▆▆ The scope of a grant of federal land is, of course, a question of federal law. *United States v. Oregon*, 295 U.S. 1, 28, 55 S.Ct. 610, 621, 79 L.Ed. 1267 (1935). But in some instances "it may be determined as a matter of federal law that the United States has impliedly adopted and assented to a state rule of construction as applicable to its conveyances." *Id.* The defendants argue that because R.S. 2477 is silent as to the scope of the grant, Congress intended that the grant be construed according to the law of the state in which the land subject to the grant is situated. Montana law in 1901, they say, recognized a right to run utilities along a highway right of way, making lawful the use of the American Bar Road for utility lines.

We disagree. By the time of the American Bar Road grant in March 1901, Congress had adopted a federal rule that power transmission is not within the scope of an R.S. 2477 highway right of way and had

excluded any implied borrowing of state law on this point.

This follows from *Utah Power & Light Co. v. United States*, 243 U.S. 389, 37 S.Ct. 387, 61 L.Ed. 791 (1917). In *Utah Power*, the electric company erected power facilities on public lands without obtaining permission from the United States. In support of its occupation of the land, the company relied on R.S. 2339 and R.S. 2340, two right of way provisions related to R.S. 2477.[4] The Court held that legislation enacted in 1896 and 1901,[5] authorizing the Secretary of Interior to permit the use of rights of way across public land for power transmission, had superseded R.S. 2339 and R.S. 2340 insofar as those sections might deal with the use of rights of way for power transmission. 243 U.S. at 406–407, 37 S.Ct. at 390. We conclude that R.S. 2477 had been similarly superseded at the time of the American Bar Road grant.

The defendants seek to distinguish *Utah Power* by arguing that the case decided only that the power company had not constructed the improvements necessary to accept R.S. 2339's grant of a right of way for ditches and canals. This is wrong. The power company had constructed reservoirs, and R.S. 2340 implies that reservoirs are within the scope of R.S. 2339 grants.

Hoffman Cutoff. That ruling is not before us.

2. The United States subsequently reserved the land as part of the Helena National Forest.

3. R.S. 2477 states:
 The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted.
 The statute was first enacted as Section 8 of the Act of July 26, 1866, ch. 262, 14 Stat. 251, 253, then was codified as Revised Statutes 2477 and subsequently as 43 U.S.C. § 932 (1970 ed.). It was repealed by § 706(a) of the Federal Land Policy and Management Act of 1976, Pub.L. No. 94–579, 90 Stat. 2743, 2793.
 The parties agree that R.S. 2477 operates prospectively to grant rights of way for highways constructed after its enactment in 1866. In *Humboldt County v. United States*, 684 F.2d 1276, 1282 n. 6 (9th Cir.1982), this court left open the question whether R.S. 2477 has prospective effect, noting that *United States v.*

*Dunn*, 478 F.2d 443, 445 n. 2 (9th Cir.1973) had expressed doubt on this point. *Dunn* is questionable authority because it is contrary to the cases cited in *Humboldt County*, 684 F.2d at 1282 n. 6, and appears to misread *Central Pacific Railway Co. v. Alameda County*, 284 U.S. 463, 52 S.Ct. 225, 76 L.Ed. 402 (1932).

4. R.S. 2339 and R.S. 2477 were enacted as §§ 8 and 9 of the act of July 26, 1866, ch. 262, 14 Stat. 251, 253. Because all parts of a grant statute are to be read together, *Winona & St. Peter Railroad Co. v. Barney*, 113 U.S. 618, 625, 5 S.Ct. 606, 609, 28 L.Ed. 1109 (1885), *Utah Power* is especially strong authority on the scope of R.S. 2477.

5. Act of May 14, 1896, ch. 179, 29 Stat. 120; Act of February 15, 1901, ch. 372, 31 Stat. 790, codified at 16 U.S.C. § 522 (1970 ed.) and 43 U.S.C. § 959 (1970 ed.), repealed in relevant part by Pub.L. 94–579, § 706(a), 90 Stat. 2743, 2793 (1976).

*United States v. Oklahoma Gas & Electric Co.*, 318 U.S. 206, 63 S.Ct. 534, 87 L.Ed. 716 (1943), does not help the defendants. In that case the Secretary of the Interior authorized the State of Oklahoma to open a highway across lands to which the United States held title in trust for an Indian allottee. When the company subsequently erected a power line along the highway, the United States sued, charging that the use was beyond the scope of the right of way. The Supreme Court held in favor of the company, finding that the scope of the right of way was to be determined by state law—in this case, the law of Oklahoma—and that Oklahoma law permitted use of a highway right of way for transmission of electric power.

*Oklahoma Gas & Electric* is distinguishable from this case because the statute under which the right of way was granted, 25 U.S.C. § 311, specifically incorporates state law.[6] In contrast, R.S. 2477 makes no mention at all of state law. Moreover, although *Oklahoma Gas & Electric* held that the Act of February 15, 1901[7] did not restrict the right of way at issue in that case to exclude its use for power transmission, 318 U.S. at 212–215, 63 S.Ct. at 537–38 this does not conflict with our holding that the February 1901 act restricts the American Bar Road right of way. The Court held that the February 1901 act did not apply to the Indian land over which the right of way ran in that case, but the act clearly does apply to the land that the American Bar Road crosses.

The judgment of the district court is reversed insofar as it holds that the defendants did not trespass upon the rights of the United States in the American Bar Road, and the cause is remanded for the entry of appropriate relief.

---

**6.** Title 25 U.S.C. § 311 does not apply to our case as it deals only with Indian land.

**7.** *Supra* n. 5.