[No. 1007.    September 14, 1904.]

## JOSE DOLORES MARQUES et al., Plaintiffs in Error, v. THE MAXWELL LAND GRANT COMPANY, Defendant in Error.

### SYLLABUS.

1. This court will not interfere with the findings of fact of the trial court, where there is sufficient evidence to support such findings.

2. An action to quiet title and to enjoin against waste on real property can be maintained under section 4010 of the Compiled Laws of New Mexico, 1897, on a complaint alleging plaintiff's ownership in fee, description of the land, defendant's claim of adverse interest, and prayer for determination of defendant's claim, for the establishment of plaintiff's title and for an injunction to prevent waste. Such complaint is good on demurrer challenging the jurisdiction of a court of equity.

Error to the district court of Colfax County before WILLIAM J. MILLS, Circuit Judge. Affirmed.

A. C. VOORHEES for plaintiffs in error.

Uninterrupted, continuous, hostile, visible, actual, open, notorious, exclusive occupancy of land under a claim of right, for ten years, bars the right of the holder of the paper title and vests the title absolutely in the adverse occupant.

> Maxwell Land Grant Company v. Dawson, 151 U. S. 566; Probst v. Domestic Mission, 129 U. S. 132; Pueblo of Nambe v. Romero, 10 N. M. 58; Solomon v. Yrisarri, 9 N. M. 480.

In descriptions of land, quantity cannot control as against monuments, course and distance. When they do not agree, quantity being the least certain must yield.

> Ford v. Springer Land Association, 8 N. M. 61, affirmed in 168 U. S. 531; Jackson v. Moore, 6 Cow. 706.

A tenant is estopped from denying his landlord's title during the life of his tenancy, unless he disclaims his tenancy and the landlord has notice of his disclaimer.

> Willison v. Watkins, 3 Pet. 43; Payton v. Stith, 5 Pet. 485; Goodman v. Malcom, 5 Kas. App. 285; Menden Land, etc., Co. v. Ball, 68 Mass. 135; McGinnis v. Porter, 20 Pa. St. 80; Watson v. Smith, 10 Yerg. 476; Sherman v. Champlain Transp. Co., 31 Vt. 162; 1 Cyc. 1060.

As to the notice.

> Dothard v. Denson, 72 Ala. 54; Morton v. Lawson, 1 B. Mon. 45; Udell v. Peak, 70 Tex. 547; Swan v. Thoyer, 36 W. Va. 46; Bell v. Morrison, 1 Pet. 360; Walden v. Bodley, 14 Pet. 156; Brown v. Corcoran, 5 Cranch C. C. 610; Hughs v. Edwards, 9 Wheat. 490 and 497; Waddingham v. Robledo, 6 N. M. 347; Lockhart v. Leeds, 10 N. M. 568; Whithead v. Shatluck, 138 U. S. 150.

FRANK SPRINGER and CHARLES A. SPIESS for defendant in error.

There must be a disclaimer by the tenant that he is holding under the lease before he can set up claim of adverse possession.

> Udell v. Peak, 70 Tex. 547; Wilson v. Waters, 3 Pet. (U. S.) 43; Holman v. Bonne, 63 Miss. 131; Bradt v. Church, 110 N. Y. 537; Myers v. Sillzacks, 58 Md. 319.

Where there is a conflict in the evidence, the findings have the force of a verdict and will not be disturbed on appeal.

> Hewitt v. Campbell, 109 U. S. 103; Jeffries v. Mutual Life Ins. Co., 110 U. S. 305; Latta v. Granger, 68 Fed. 69.

STATEMENT OF FACTS.

We adopt the statement of facts as given by the defendant in error, as follows:

The defendant in error, The Maxwell Land Grant Company, filed its complaint against, the plaintiffs in error in an action to quiet title to the Maxwell Land Grant. The defendants demurred to the complaint on the ground that the court had no jurisdiction of the subject-matter of the cause of action, because the action was in chancery, and not in ejectment. The demurrer was overruled and plaintiffs in error not electing to stand on their demurrer, filed their answer.

The answer alleged that defendants in the action in the lower court held and owned the lands embraced within the lands in the complaint mentioned by reason of adverse possession to the Maxwell Land Grant Company and all other persons.

The complaint did not allege that defendants were in possession of any specific portion of the grant, nor did the answer set up adverse possession to any specific portion of amount of said grant.

The action was tried before the court without a jury, the evidence having been taken by an examiner appointed for that purpose.

Judgment was rendered upon the specific findings of fact and law found by the court from the evidence, awarding to plaintiff, the Maxwell Land Grant Company, the prayer of its complaint against three of the defendants, Jose Dolores Marquez, Manuel Marquez, and Carmelita Marquez and quieted the Maxwell Land Grant Company's title to said land grant as to them.

As to the other three defendants, Benito Marquez, Nasario Marquez and Manuel Marquez y Romero, the court ordered judgment in their favor and awarded them the right of possession to the land claimed by them by adverse possession and in its judgment limited the amount of each to one hundred and sixty acres.

OPINION OF THE COURT.

BAKER, J.—This was a suit to quiet title to certain lands, being a part of the Maxwell Land Grant. Each of the defendants sets up title to the land by prescription. Each of the defendants' title depends upon whether or not he was in actual, exclusive, visible, hostile and continuous occupancy of the land in controversy for at least ten years. This resolves the case into purely a matter of fact. We have carefully read all of the evidence presented by the record in this case and find sufficient evidence to support each finding of fact by the trial court, to the effect that Benito Marquez, Nasario Marquez and Manuel Marquez y Romero, were each in actual, visible, exclusive, hostile and continuous possession for more than ten years of a certain tract of land, and that defendants Jose Dolores Marquez Manuel Marquez and Carmelita Marquez were in possession of certain tracts of land by virtue of leases from the Maxwell Land Grant Company, and, therefore, their possession was not adverse and hostile to the Maxwell Land Grant Company. It is a well-settled doctrine and has often been decided by this court that it will not interfere with the findings of fact of a trial court where there is sufficient evidence to sustain its findings. Romero v. Coleman, 70 Pac. 559 (N. M.) ; Waldo v. Beckwith, 1 N. M. 97; Badeau v. Baca, 2 N. M. 194; Territory v. Webb, 2 N. M. 147; Lynch v. Grayson, 7 N. M. 26; Hooper v. Browning, 19 Neb. 420, 27 N. W. 419.

We therefore affirm the lower court in its findings of fact.

Without setting forth the law how to establish title by prescription, which has been so thoroughly and completely settled in this as well as other jurisdictions, we reaffirm the opinion of this court in Johnson et al. v. City of Albuquerque, 72 Pac. 9.

Without discussing the proposition as to whether or not the defendants in the court below waived their

right of objection to the overruling of the demurrer to the complaint, we think the court committed no error in so doing.

Section 2685 of the civil code of New Mexico, 1897, provides "There shall be in this Territory but one form of action for the enforcement or protection of private rights and the redress or prevention of private wrongs, which shall be denominated a civil action," Section 4010 of the Compiled Laws 1897 provides: "An action to determine and quiet the title of real property may be brought by any one having or claiming an interest therein whether in or out of possession of the same against any person claiming title thereto."

In the case of Ely v. Railroad, 129 U. S. 291, the Supreme Court of the United States construed the statutes of Arizona, two sections of which are as follows: "There shall be in the Territory but one form of civil action for the enforcement or protection of private rights and the redress or prevention of private wrongs." "An action may be brought by any person against another who claims an estate or interest in said real estate adverse to him, for the purpose of determining such adverse claim." The complaint in the case last cited was filed by one Ely against the New Mexico & Arizona Railroad Company and others, stating that the plaintiff was the owner in fee of the land in controversy, giving the source of title and describing it, and that the defendants and each of them claimed an estate or interest in and to the said real property adverse to the plaintiff; that the claims of the defendants and each of them were without any right, and that the defendants have no right, title or interest whatever in the lands, and prayed that defendants and each of them be required to set up in nature of his claim if he had any, and that all adverse claims of the defendants be determined by the court, and that by decree it be declared and adjudged that the defendants have no right or interest in the real estate and

that plaintiff's title be declared good and valid, and a further prayer that defendants be enjoined and barred from asserting any claim whatever in or to said premises adverse to the plaintiff, and for such other and further relief as agreeable to equity. To this complaint defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained and judgment given for the defendants, which judgment was affirmed by the Supreme Court of the Territory of Arizona, from which judgment an appeal was taken to the Supreme Court of the United States, which court, after reciting the two sections of the Arizona statutes hereinbefore quoted, stated: "The manifest intent of the statute, as thus amended, is that any person owning real property, whether in possession or not, in which any other person claims an adverse title or interest, may bring an action against him to determine the adverse claim and to quiet the plaintiff's title. It extends to cases where the plaintiff is out of possession and the defendant is in possession, and in which at common law the plaintiff might have maintained ejectment. An allegation in ordinary and concise terms of the ultimate fact that the plaintiff is the owner in fee is sufficient, without setting out matters of evidence, or what have been sometimes called probative facts, which go to establish that ultimate fact; and an allegation that the defendant claims an adverse estate or interest, is sufficient, without further defining it, to put him to a disclaimer, or to allegation and proof of the estate or interest which he claims, the nature of which must be known to him and may not be known to the plaintiff. These conclusions accord with the decisions of the courts of California and Indiana under similar statutes, from one of which the present statute of Arizona would seem to have been taken. 16 Cal. 220; 60 Ind. 383; 99 Ind. 269." The court in conclusion says: "The result is that the complaint in this case is sufficient to authorize the court to determine the

claim of the defendants and the title of the plaintiff, and also, if the facts proved at the hearing shall justify it, to grant an injunction or other equitable relief." This case was reaffirmed in Hammer v. Garfield Mining and Smelting Company, 130 U. S. 291, and cited with approval in Cameron v. U. S., 148 U. S. 305.

These authorities make it very clear that the trial court committed no error in overruling the demurrer. For the reasons given the judgment of the lower court is affirmed and it is so ordered.

McFie, Parker, and Pope, JJ., concur.

Mills, C. J., having heard the case below and Mann, J., not having heard the argument, took no part in this decision.