521 P.2d 1152

**Louis WEATHERS, Plaintiff-Appellee,**

v.

**William SALMAN, Defendant-Appellant,**

v.

**Eduvigen VIGIL and Leroy Muniz,
Defendants-Appellees.**

**No. 9814.**

Supreme Court of New Mexico.

April 12, 1974.

Rehearing Denied May 8, 1974.

Karelitz & Flores, Benny E. Flores, Las Vegas, for appellant.

Roberto L. Armijo, Las Vegas, for appellees.

## OPINION

McMANUS, Chief Justice.

This suit was brought in the District Court of Mora County to quiet the title to certain real estate. The cause was tried to the court without a jury and judgment was entered quieting the title to certain real estate in plaintiff-appellee Weathers and in additional defendants-appellees Vigil and Muniz as against Salman. Defendant-appellant Salman appeals.

Appellee Weathers in his complaint alleged that he was the owner in fee simple and in possession of certain real estate in Mora County. This real estate was designated as "Queso." On December 19, 1972, Antonio Padilla, Hipolita Padilla Sanchez, Ramoncita Padilla Vigil and Eduvigen Vigil were added as parties defendant by leave of court. At a hearing the court found that the area of "Queso" consisted of an area not to exceed two acres. All of the additional defendants claimed title to portions of the real estate in question and denied all adverse claims to these portions. Appellant answered denying appellees' title.

The trial court found that "Queso was occupied by [Juan Gurule, Josefita Salazar, Tomas Padilla and their families] and their predecessors from time immemorial and thereafter continuously to the present time to their successors in title * * *." The pertinent times of occupancy are as follows: Tomas Padilla, Juan Gurule, and Josefita Salazar and their heirs were in possession of Queso from pre 1917 until 1948; in 1948, all heirs of Tomas Padilla conveyed their interest to Jesus Sanchez; and in 1971, Jesus Sanchez and his wife conveyed to appellee, by deed, lands which included the tract quieted in him. Appellee has been in possession of the premises so purchased since 1961, and this occupancy has not been disturbed by appellant or any-

one else. In fact, appellant never offered any evidence of ownership in himself at the trial.

By an order entered on September 5, 1972, the court ruled that the only issues to be tried were, (a) the location on the ground of that certain real estate known as "Queso," and (b) the ownership of "Queso."

In answering the first issue, the trial court found as facts:

"The real estate comprising Queso is that certain real estate reserved and excepted and not to be included as part of the conveyance by Warranty Deed dated November 8, 1917, recorded November 26, 1917, at 3:00 P.M., in Book W, Page 336, records of the Clerk, Mora County, New Mexico, and is in words and figures as follows:

"The three adobe residences with their outhouses and corrals, together with the 'solares' or ground on which they stand, owned and occupied by Juan Gurule, Josefita Salazar, Tomas Padilla and their families, forming the small settlement known as Queso, situated on the South bank of the said Mora River, below and near to La Cueva and covering an area of ground not exceeding two (2) acres."

In regard to the second issue, the trial court found that "Queso" comprises land containing two acres. In addition, the trial court found:

"5. That portion of Queso, namely, the 'solar' or portion of land on which stood the adobe residence, outhouses and corrals owned and occupied by Tomas Padilla referred to under the 1917 deed [consisting of 0.96 acres] is now owned by Plaintiff, Louis Weathers.

"6. That portion of Queso namely, the 'solar' or portion of land on which stood the adobe residence, outhouses and corrals owned and occupied by Juan Gurule referred to under the 1917 deed [consisting of 0.53 acres] is now owned by Eduvigen Vigil.

"7. That portion of Queso, namely, the 'solar' or portion of land on which stood the adobe residence, outhouses and corrals owned and occupied by Josefita Salazar referred to under the 1917 deed [consisting of 0.51 acres] is now owned by LeRoy Muniz."

■ The first issue involved is whether or not there was sufficient evidence for the trial court to determine the boundaries of Queso. In other words, was there enough evidence to determine the location of the two acres in question? Suffice it to say that we have examined those portions of the record cited by the parties in support of their respective positions and find that the evidence is substantial, and we concur in the trial court's finding that, "Queso comprises that certain area of land containing two (2) acres as depicted on Plaintiff's Exhibit 10." Appellant contends the court erred in admitting the 1917 deed into evidence. Whether or not that deed is or is not in evidence is not important to the decision herein. There is support for the above finding by testimony adduced at the trial.

The most important issue is whether or not appellee's uninterrupted possession since 1961, and the 1971 deed to him establishes a claim of ownership to Queso. Appellant argues that in a suit to quiet title the plaintiff must recover on the strength of his own title, and that, in the absence of proof of perfect title, that is, one emanating from sovereignty, and good against the world, he cannot win. As support for this proposition, appellant cites several New Mexico cases. In Union Land & Grazing Co. v. Arce, 21 N.M. 115, 152 P. 1143 (1915), the court held that a plaintiff could not recover *merely* because the defendant had previously divested himself of title. A year later in Holthoff v. Freudenthal, 22 N.M. 377, 381, 162 P. 173, 174 (1916), the court held that where a plaintiff's *only* source of title is through a tax deed invalid on its face the plaintiff is subject to a nonsuit. " * * * But in cases where

the plaintiff relies upon a paper title emanating from a natural person, and which deed is regular on its face, and where the deed is accompanied by proof of possession in the grantor and in the plaintiff, grantee, this doctrine has no application, except in a general way."

In 1920, the court in Abeyta v. Tafoya, 26 N.M. 346, 348, 192 P. 481 (1920), clarified the rule still further by stating that:

" 'The general rule, in a suit to quiet title \* \* \* is that the plaintiff must succeed upon the strength of his own title, and not on the weakness of that of his adversary. The very idea of removing a cloud from title presupposes that the plaintiff has a title of some order to defend \* \* \*. One in possession merely without legal or equitable title, cannot maintain a suit to quiet title \* \* \*.' "

Clearly these and other cases cited by appellant do not support his contentions. In all of these cases in which the plaintiffs lost, it was merely because they were either out of possession or the court found that there was not enough evidence to support a finding that appellee had sufficient title. The rule which comes forth from these cases is that possession under a deed fair on its face is sufficient evidence of title to allow plaintiffs to maintain quiet title actions.

This being the rule, if there is substantial evidence to support the facts and conclusions of the trial court upholding appellee's title, the decree of the trial court should be affirmed. Ronquillo v. Sandoval, 71 N.M. 459, 379 P.2d 611 (1962). We have carefully reviewed the evidence in this case and find it sufficient to sustain the decree. The appellee was in actual possession under a deed fair on its face.

The judgment is affirmed.

It is so ordered.

OMAN and MONTOYA, JJ., concur.