John KINSCHERFF and Sunnyland Development Co., Inc., a New Mexico Corporation, Appellants,

v.

UNITED STATES of America, the State of New Mexico, the Pueblo of Santa Ana, Mark IV Enterprises, a New Mexico Corporation, E. M. Riebold and H. E. Leonard, Appellees.

No. 77–1083.

United States Court of Appeals, Tenth Circuit.

Argued Aug. 8, 1978.

Decided Nov. 1, 1978.

Hartley B. Wess, Miller & Melton, Ltd., Albuquerque, N. M. (Robert E. Melton, Miller & Melton, Ltd., Albuquerque, N. M., with him on the brief), for appellants.

Carl Strass, Atty., Dept. of Justice, Washington, D. C. (James W. Moorman, Acting Asst. Atty. Gen., Edmund B. Clark, James

R. Arnold, and Larry A. Boggs, Attys., Dept. of Justice, Washington, D. C., with him on the brief), for appellees, United States and the Pueblo of Santa Ana.

Richard L. Russell, Chief Counsel, State Highway Dept., Santa Fe, N. M. (Toney Anaya, Atty. Gen. of New Mexico, and Henry Rothschild, Deputy Chief Counsel, State Highway Dept., Santa Fe, N. M., with him on the brief), for appellee, State of New Mexico.

Before SETH, Chief Judge, and BARRETT and LOGAN, Circuit Judges.

PER CURIAM.

This is a quiet title action under 28 U.S.C. § 2409a, seeking declaratory relief and damages against the United States and others. The complaint alleges that the United States had built a road on its land to reach a dam site, and that it continues to control the use of this road. The road is asserted to be the only access plaintiffs have to their property. Plaintiffs are seeking to develop their land, but the United States would not let them use the road, which is adjacent to the property, to bring in equipment, machinery, or material.

Plaintiffs seek to establish a right to use the road for all purposes as members of the public, and also as a way of necessity. The land of plaintiffs was patented to their predecessors in interest.

The trial court dismissed as to the defendant, State of New Mexico, as to the Pueblo of Santa Ana, and as to several individuals who were residents of New Mexico. Subsequently the court also dismissed the cause as to the United States for failure to state a cause of action under 28 U.S.C. § 2409a, and this appeal was taken.

■ On this appeal the plaintiffs argue that this is properly an action to quiet title. The statute, 28 U.S.C. § 2409a, in permitting suits against the United States in quiet title actions to real property in which the Government claims an interest, requires in part that the plaintiff " . . . set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was required, and the right, title, or interest claimed by the United States." 28 U.S.C. § 2409a(c). Thus plaintiffs assert that they have a real property interest in the Jemez Dam Road as members of the public entitled to use public roads pursuant to N.M.S.A. § 55–1–1 et seq. (1953 Comp.), and as an owner of land abutting a public highway, and under 43 U.S.C. § 932. This "interest" in plaintiffs, we must hold, is not an interest in real property contemplated by 28 U.S.C. § 2409a. If it exists, it is vested in the public generally. The legislative history of section 2409a refers to the historical development of *quia timet* suits in the courts of equity in England, and to quiet title suits as developed in this country. U.S.Code Cong. & Admin. News, 1972, Vol. 3, p. 4547. It thus must be assumed that Congress intended to permit to be brought against the United States the typical quiet title suit, as it has developed in the various states in this country through statutory and case law.

■ The plaintiffs, on this point, do not assert that their interest is an easement or any similar right; instead, as mentioned above, the right is claimed by them as members of the public. The substantive law in New Mexico for quiet title actions refutes the notion that the public has a real property interest in public roads. A quiet title action may be brought by anyone claiming an interest in the real property. *Marquez v. Maxwell Land Grant Co.*, 12 N.M. 445, 78 P. 40. The interest, however, must be some interest in the title to the property. *Rock Island Oil & Refining Co. v. Simmons*, 73 N.M. 142, 386 P.2d 239. An attempt to remove a cloud from title presupposes that the plaintiff has some title to defend. *Weathers v. Salman*, 86 N.M. 203, 521 P.2d 1152.

■ Members of the public as such do not have a "title" in public roads. To hold otherwise would signify some degree of ownership as an easement. It is apparent that a member of the public cannot assert such an ownership in a public road. Plain-

tiffs argue also that the general provisions for highways, N.M.S.A. § 55–1–1 *et seq.* (1953 Comp.), confer on the public a real property interest in public roads. Plaintiffs misconstrue the statute because it does no more than define public highways, determine maintenance responsibility, and provide an administrative process for abandoning public roads. Indeed, section 55–1–5 provides that rights of way vest in the State of New Mexico after a state highway has been open to the public for one year.

Thus the "interest" plaintiffs seek to assert as part of the public is not of such a nature to enable them to bring a suit to quiet title.

■ Plaintiffs also claim an interest by virtue of an implied easement of necessity, as successor in interest to a grantee of the United States by patent in 1936. Easements are real property interests subject to quiet title actions. The legislative history of 28 U.S.C. § 2409a indicates that Congress intended easements to be included in the real property rights adjudicated in a quiet title action. The House Report states: "The quieting of title where the plaintiff claims an estate less than a fee simple—an easement or the title to minerals—is likewise included in the terms of the proposed statute." H.R.Rep.No. 92–1559, 92d Cong., 2d Sess. reprinted in [1972] U.S.Code Cong. & Admin.News 4552.

■ An easement of necessity for some purposes could possibly have arisen when the United States granted the patent to plaintiffs' predecessor in interest. The complaint so asserts. While nothing ordinarily passes by implication in a patent, *Walton v. United States*, 415 F.2d 121 (10th Cir.), an implied easement may arise within the scope of the patent. *Superior Oil Co. v. United States*, 353 F.2d 34 (9th Cir.). In *Superior Oil*, which involved an alleged implied right of access over a road on Hopi land to the plaintiff's leasehold, the court stated: "The scope and extent of the right of access depends . . . upon what must, under the circumstances, be attributed to the grantor either by implication of intent or by operation of law founded in a

public policy favoring land utilization," (citing 2 Thompson, Real Property, § 362). 353 F.2d at 36. In *United States v. Dunn*, 478 F.2d 443 (9th Cir.), the court held that defendants were entitled to a hearing to determine whether their patent included an implied easement to construct an access road across federal land.

■ With the dismissal on motion the issues as to the existence of an implied easement of necessity, its extent, or whether this road is such an easement, were not considered. These are each mixed issues of fact and law. The allegations in the complaint adequately raised the claim of easement of necessity in the lands of the United States, and an easement of such nature is an interest which can be properly raised in a quiet title action under 28 U.S.C. § 2409a. The facts thus must be developed. We, of course, express no opinion as to whether such an easement here exists, nor its extent.

■ Similarly, the limitation issue is a mixed question of fact and law as to whether the patentee or a successor in interest knew or should have known of the Government's claim of no easement or of a limited easement. Again we express no opinion as to such limitation period, and the facts pertinent to the commencement of the limitation period must be developed.

Thus by reason of the factual issues raised, but not before the trial court, as to the easement and the period of limitation, the case must be remanded.

We find no error as to the dismissal of the several defendants nor in the way it was done. The plaintiffs had adequate opportunity at the hearing to set aside the orders to present their position.

The order of dismissal is set aside, and the case is remanded for further proceedings.