**Hazel L. STALEY, an individual, and Evelyn Bernice Staley, as Trustee of the 1990 Staley living trust dated January 25, 1990, Plaintiffs,**

v.

**UNITED STATES of America, and its federal agency Forest Service, Donald H. Griffith, an individual, Jean Ann Griffith, an individual, and Dale V. Scohy, an individual, Centex Home Equity Corporation, a Nevada corporation, John R. Vanderhart, as the Public Trustee of the County of Boulder, Colorado, and all unknown persons who claim an interest in the subject matter of this action, Defendants.**

No. CIV. A. 00–WY–477CB.

United States District Court,
D. Colorado.

Feb. 6, 2001.

Geoffrey P. Anderson, Matthew B. Dillman, Burns, Figa & Will, P.C., Englewood, CO, for plaintiffs.

Paul J. Johns, U.S. Attorney's Office, Denver, CO, for U.S., defendant.

Howard Bittman, Boulder, CO, for Donald H. Griffith, defendant.

## ORDER

BRIMMER, District Judge.

Plaintiffs bring this action to gain access to a mining claim by crossing the Defendants' property. The matter is currently before the Court on several issues: (1) whether the County of Boulder or the State of Colorado should be joined as parties to this action; (2) Plaintiffs' Motion for Summary Judgment; and (3) Plaintiffs' Motion to Strike Defendants' Designation of Thomas Kahn as an Expert Witness. After reading the briefs, hearing oral argument, and being fully advised in the premises, the Court **FINDS** and **ORDERS** as follows:

### Background

Plaintiffs bring this action seeking the declaration of a road that would provide access to a parcel of land located in Boulder County, Colorado. Plaintiffs' property is located near Boulder County Road 132, also known as Magnolia Road. However, the land lying between Plaintiffs' parcel and the Magnolia Road is owned by several of the Defendants. Plaintiffs' proposed road would cross United States Forest Service land, a parcel of land owned by Defendant Dale V. Scohy, and a parcel known as the Telephone Mill Site which is owned by Defendants Donald H. Griffith, Jean Anne Griffith and Dale V. Scohy ("Private Defendants").

Plaintiffs' Complaint brings several claims for relief to declare that a road exists across Defendants' property. Plaintiffs' first claim for relief seeking the declaration of a public road pursuant to Federal Law R.S. 2477 draws particular attention from Defendants and this Court.

During an October 4, 2000 Status Conference, the Court granted Plaintiffs leave to file a brief on the question of whether the County of Boulder and the State of Colorado are proper parties to this action. The United States of America and the Forest Service ("Defendants USA") have responded to Plaintiffs' brief. Plaintiffs subsequently filed a reply brief, as well as supplemental authority, to which Defendants USA have responded. The issues raised by the parties' briefing raise the jurisdiction of this Court.

### Jurisdiction

**A. Jurisdiction over Plaintiffs' First Claim for Relief**

Plaintiffs, assert this Court's jurisdiction [1] pursuant to 28 U.S.C. § 1346(f): "The district courts shall have exclusive original jurisdiction of civil actions under [28 U.S.C. § 2409a] to quiet title to an estate or interest in real property in which an interest is claimed by the United States." Accordingly, jurisdiction pursuant to Section 1346(f) is only proper where the conditions of 28 U.S.C. § 2409a (the "Quiet Title Act") are satisfied.

The Quiet Title Act waives sovereign immunity in civil actions brought "to adjudicate a disputed title to real property in which the United States claims an interest." 28 U.S.C. § 2409a(a). As a waiver of sovereign immunity, the conditions of the Quiet Title Act must be strictly ob-

---

**1.** In their Complaint, Plaintiffs allege this Court has jurisdiction pursuant to 28 U.S.C.

§§ 2201–2202, 1331, 1346(f), and 1367.

served. *See Vincent Murphy Chevrolet Co., Inc. v. United States,* 766 F.2d 449, 452 (10th Cir.1985). One condition is "[t]he complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." 28 U.S.C. § 2409a. The Tenth Circuit has interpreted the Quiet Title Act as requiring a plaintiff to have some interest in the title to the property. *See Kinscherff v. United States,* 586 F.2d 159 (10th Cir. 1978). In *Kinscherff,* the Plaintiffs asserted a real property interest in the disputed road as members of the public entitled to use the public road. *Id.* at 160. The court held that such an interest was not the type of interest contemplated by Section 2409a. *Id.*

In their first claim for relief, Plaintiffs claim that a public road was created by operation of R.S. 2477, 43 U.S.C. § 932 (*repealed by* Federal Land Policy Management Act of 1976, § 706(a), Pub.L. No. 94–579, 90 Stat. 2793).[2] Defendants USA argue that this Court lacks jurisdiction to hear an action brought under the Quiet Title Act where the plaintiff is a private party who is seeking only a right of access over a public road. The essence of Defendants' argument is that an action under the Quiet Title Act requires the plaintiff to have a title interest in the disputed real property. Defendants USA cite the *Kinscherff* holding that an interest asserted as a member of the public entitled to use a public road is not the type of interest which allows a private plaintiff to bring a claim under the Quiet Title Act. 586 F.2d at 160.

Plaintiffs argue that *Kinscherff* was construing New Mexico law when it found that members of the public do not possess

the requisite interest to enable them to bring an action under the Quiet Title Act. Plaintiffs assert that under Colorado law, a landowner has significant property rights in abutting public roads. Therefore, this Court must analyze whether Plaintiffs are correct in suggesting that Colorado property owners have sufficient interests in abutting public roads to constitute an "interest in real property contemplated by [the Quiet Title Act]." *Id.*

Plaintiffs cite several Colorado statutes in support of their claim. Colo. Rev.Stat. § 43–2–303(2)(a) (2000) prohibits the vacation of a road which would leave an adjoining landowner without access to another established public road. Colo. Rev.Stat. § 43–1–202.5 (2000) provides,

(1) If any road has been established by law, the transfer of all or any part of the property upon which such road is constructed to any party, including, but not limited to, any government agency, shall not act to vacate such road. No such transfer shall act to diminish the rights of any person in such a road.

(2) If any public rights have been established by law in a road that provides access to any parcel of land, such rights may be transferred when such parcel of land is transferred.

Plaintiffs argue that these provisions demonstrate that Colorado, unlike New Mexico, confers a title interest in public roads to certain landowners.

Plaintiffs also cite several cases to support their proposition. In *Jackson v. Kiel,* the Colorado court allowed a plaintiff to recover damages from a railroad who had continually kept freight cars in an intersection thereby blocking the plaintiff's access to his home via a public street. 13 Colo. 378, 22 P. 504 (1889). The Court stated,

---

**2.** R.S. 2477 granted a "right of way for the construction of highways over public lands, not reserved for public uses." 43 U.S.C. § 932.

"[t]he right to a free use of this space of street intersection for purposes of ingress and egress was therefore as closely identified with his lot, and interference therewith was as peculiar and personal an injury, as if the obstruction had prevented access from his lot to the street immediately adjacent thereto." *Id.* at 504. In a case dealing primarily with the question of abandonment of a public road, a Colorado court of appeals stated, "reasonable surface use, including access, is part of the 'bundle of sticks' of mineral claim property rights, including unpatented claims." *Heath v. Parker*, 30 P.3d 746, 750–51 (Colo.App.2000). The court also stated, "[a] county cannot, without compensation, formally abandon a public road if such action would deprive abutting landowners of access to their property." *Id.* at 749–50 (citing Colo.Rev.Stat. § 43–2–303(2)(a)).

While Plaintiffs may correctly assert that abutting landowners may have rights beyond those of the general public in certain public roads, the authorities cited above cannot be fairly construed to mean that an abutting landowner has a title interest in any public road such that they can maintain an action under the Quiet Title Act. *See Kinscherff*, 586 F.2d at 160. The Court refuses Plaintiffs' invitation to blur the lines between a title interest and a right of access to a public road. When the Tenth Circuit found that the public does not have a real property interest in public roads under New Mexico law, it did so by reviewing that state's laws pertaining to quiet title actions. *Id.* Under New Mexico law, the interest necessary to pursue a quiet title action was an interest in the title to the property. *Id.* (citing *Rock Island Oil & Refining Co. v. Simmons*, 73 N.M. 142, 386 P.2d 239 (1963)). Contrary to Plaintiffs' suggestion, Colorado law does not differ on this point. Like New Mexico, Colorado law requires a plaintiff to possess an interest in the title to the property in order to maintain a quiet title action. *See*

*Hutson v. Agricultural Ditch & Reservoir Co.*, 723 P.2d 736, 738 (Colo.1986) ("[A] plaintiff in a quiet title action ... bears the burden of establishing title in the property superior to that of the defendant .... [T]he plaintiff must rely on the strength of his own title rather than on the weakness in or lack of title in defendants") (citation omitted). Therefore, the Court finds that *Kinscherff* is controlling in this case and Plaintiffs' attempt to distinguish it on the basis of differences between New Mexico and Colorado substantive law is not persuasive. The Court holds that under the law of this circuit, Plaintiffs do not have a title interest in a public road that would properly invoke the jurisdiction of the Court over Plaintiffs' First Claim for Relief. *See Kinscherff*, 586 F.2d at 160.

**B. Jurisdiction over Plaintiffs' remaining claims for relief**

At this point, the Court must determine whether it has jurisdiction over Plaintiffs' six additional claims for relief. All but one of these are state law causes of action. However, Plaintiffs' Sixth Claim for Relief alleges the existence of an easement pursuant to federal law. This claim seeks the declaration of an implied right of ingress and egress pursuant to federal law.

The *Kinscherff* decision addressed the federal court's jurisdiction over such a claim:

Plaintiffs also claim an interest by virtue of an implied easement of necessity, as successor in interest to a grantee of the United States by patent in 1936. Easements are real property interests subject to quiet title actions. The legislative history of 28 U.S.C. § 2409a indicates that Congress intended easements to be included in the real property rights adjudicated in a quiet title action. The House Report states: "The quieting of title where the plaintiff claims an

estate less than a fee simple an easement or the title to minerals is likewise included in the terms of the proposed statute." H.R.Rep. No. 92–1559, 92d Cong., 2d Sess. reprinted in (1972) U.S.Code Cong. & Admin. News 4552. 586 F.2d at 161. Therefore, this Court has jurisdiction to hear Plaintiffs' Sixth Claim for Relief. The remainder of Plaintiffs' claims for relief involve the same controversy as this federal claim. As a result, this Court properly asserts supplemental jurisdiction over Plaintiffs' remaining state law claims. *See* 28 U.S.C. § 1367.

### State and County as Parties

■ The parties' briefs also address the issue of whether the State of Colorado and County of Boulder should be joined as parties to this action. First, the parties agree that the State of Colorado is not a proper party to this action. Defendants USA concede that the road at issue in this litigation would be owned by the County of Boulder if it were to be declared a public road. The State of Colorado only controls those roadways that are included in the "state highway system." *See* Colo.Rev. Stat. § 43–2–101 (2000). It is undisputed that the road at issue in this case will not be part of the state highway system, therefore, the Court finds that the State of Colorado is not a proper party to this action.

Next, the parties disagree as to whether the County of Boulder is a proper party to this action. Plaintiffs contend that the County of Boulder may intervene if they so desire, but they are not required to be joined to this action. Defendants USA, on the other hand, contend that the County of

Boulder must be joined to this action. The parties' arguments apply to two different questions: (1) whether the County of Boulder is a necessary party to Plaintiffs' First Claim for Relief; and (2) whether the County of Boulder should be joined to Plaintiffs' remaining causes of action.

### A. County of Boulder as party to First Claim for Relief

■ Defendants USA suggest Plaintiffs should be required to join the County of Boulder as a party or amend its Complaint to eliminate the First Claim for Relief. The Court's previous finding that it lacks jurisdiction over Plaintiffs' First Claim for Relief would not be affected by joining the County of Boulder to this action. Unless Plaintiffs can convince the County of Boulder to join as a co-plaintiff[3] in this action, the Court lacks jurisdiction to hear Plaintiffs' First Claim for Relief. Joinder of the County of Boulder as a defendant would be ineffective to cure the jurisdictional defect raised above. Naming the County of Boulder as a defendant does not address the fact that Plaintiffs, the parties prosecuting the action, lack the necessary title interest in the disputed road. *See Kinscherff*, 586 F.2d at 160; *see also Long v. Area Manager, Bureau of Reclamation*, 236 F.3d 910, 2001 WL 8570, *4 (8th Cir.2001) ("The proper plaintiff to challenge the condemnation of a public road is the governmental entity that owns the easement.").

### B. County of Boulder as party to remaining claims

■ A different analysis, however, must be applied to the question of whether the

---

3. Fed.R.Civ.P. 19(a) provides that "[i]f the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff." However, this provision to join a party as an involuntary plaintiff is not available in this case. *See* 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1606 (2d ed. 1986) ("A party may be made an involuntary plaintiff only if he is beyond the jurisdiction of the court, and is notified of the action, but refuses to join.").

County of Boulder should be joined for purposes of Plaintiffs' other claims for relief, particularly the state law claims. In this instance, Plaintiffs correctly point out that under Colorado law, a private party may bring a claim to declare the existence of a public road. *See Goluba v. Griffith,* 830 P.2d 1090, 1090–92 (Colo.Ct.App.1991) (affirming the trial court's finding that the road at issue was a public highway pursuant to Colo.Rev.Stat. § 43–2–201(1)(c) in an action between private parties); *Lovvorn v. Salisbury,* 701 P.2d 142, 144–45 (Colo.Ct.App.1985) (affirming the trial court's decision insofar as it declared the road in question to be a public road in an action between private parties). Therefore, the County of Boulder is not required to be joined to Plaintiffs' remaining claims for relief.

### Plaintiffs' Motion for Summary Judgment

Because this Court lacks subject matter jurisdiction to hear Plaintiffs' First Claim for Relief, Plaintiffs' Motion for Summary Judgment on their first claim for relief must be denied.

### Plaintiffs' Motion to Strike

The Private Defendants have designated Thomas Kahn as an expert witness on the issue of real property valuation. Plaintiffs contend that Mr. Kahn has failed to comply with Colo.Rev.Stat. § 38–1–118 (2000). This statute allows an expert to state the consideration involved in a comparable sale of real property if the expert has personally examined the record of transfer and personally verified the amount of consideration with either the buyer or seller. Colo.Rev.Stat. § 38–1–118 (2000). Plaintiffs complain that Mr. Kahn was unable to specifically identify any comparable sales that he had used in formulating his valuation opinions. Plaintiffs also contend that Mr. Kahn's testimony would be unreliable and that Mr.

Kahn's testimony should be stricken based on inadequacies of his report. The Private Defendants respond to Plaintiffs' motion in several ways. In particular, Defendants point out that Mr. Kahn has twenty-five years of experience in the real estate market in the County of Boulder.

The decision whether to strike an expert witness is vested within the discretion of this Court. *See Munoz v. St. Mary–Corwin Hosp.,* 221 F.3d 1160, 1168 (10th Cir. 2000). Due to Mr. Kahn's substantial experience in the relevant real estate market, the Court feels it would be improper to strike Mr. Kahn as an expert at this point of the litigation. However, Plaintiffs may renew their objections to Mr. Kahn's designation as an expert at the time of trial if it appears that his testimony does not comply with the various standards set forth regarding expert testimony.

### Conclusion

This Court lacks subject matter jurisdiction to hear Plaintiffs' First Claim for Relief. Therefore, **IT IS HEREBY ORDERED THAT** Plaintiffs' First Claim for Relief be **DISMISSED WITH PREJUDICE** and Plaintiffs' Motion for Summary Judgment be **DENIED. IT IS FURTHER ORDERED** THAT Plaintiffs' Motion to Strike Defendants' Designation of Thomas Kahn as an Expert Witness be **DENIED.**