**FAIRHURST FAMILY ASSOCIATION, LLC, a Colorado limited liability company, Plaintiff,**

v.

**UNITED STATES FOREST SERVICE, DEPARTMENT OF AGRICULTURE, Defendant.**

No. CIV.A. 00–K–1297.

United States District Court, D. Colorado.

Nov. 15, 2001.

Karl Frederick Anuta, Boulder, CO, for plaintiff.

Paul J. Johns, U.S. Attorney's Office, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

Plaintiff Fairhurst Family Association, LLC seeks a declaration confirming its right of access to certain properties via an alleged public road and right-of-way across federal land administered by Defendant United States Forest Service. Plaintiff alleges this court has jurisdiction to decide this claim pursuant to the Quiet Title Act (QTA or Act), 28 U.S.C. § 2409a, and 28 U.S.C. § 1346(f). Defendant moves to dismiss Plaintiff's complaint for lack of jurisdiction on the ground that Plaintiff lacks the requisite ownership interest in the road and right-of-way to maintain an action under these provisions. For the reasons stated below, I grant Defendant's motion and dismiss this action.

## BACKGROUND

Plaintiff owns four adjacent patented mining claims in Boulder County, Colorado. When ownership of these claims passed from the United States to Plaintiff's predecessors in the late 1800's and early 1900's, certain roads or driveways existed that provided access to the claims from what is now known as Boulder County Road 132 or Magnolia Road. In 1917, the land surrounding Plaintiff's property was transferred to the U.S. Forest Service. The road or driveway that currently connects Plaintiff's property with Magnolia Road crosses approximately 530 feet of federal land located in the Roosevelt National Forest. Magnolia Road also crosses Plaintiff's lands.

Plaintiff contends the roads in existence at the date of patent are located within a "statutory right of way" created pursuant to Revised Statute 2477 (R.S. 2477). It does not claim an easement by necessity or on any basis other than R.S. 2477.

## ANALYSIS

■ As courts of limited jurisdiction, federal courts are empowered to hear only those cases authorized by Article III of the Constitution that have been entrusted to them under a jurisdictional grant by Congress. *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986); *Henry v. Office of Thrift Supervision,* 43 F.3d 507, 511 (10th Cir.1994). The party seeking to invoke the jurisdiction of a federal court has the burden of proving the court's jurisdiction. *Henry,* 43 F.3d at 512; *Celli v. Shoell,* 40 F.3d 324, 327 (10th Cir.1994).

■ In this case, Plaintiff asserts jurisdiction pursuant to the Quiet Title Act and 28 U.S.C. § 1346(f), which provides the district courts with exclusive original jurisdiction of any civil actions under the Quiet Title Act to quiet title to an estate or interest in real property in which the United States claims an interest. Jurisdiction pursuant to these provisions, therefore, only exists where the conditions of the Quiet Title Act have been met.

■ The Quiet Title Act waives the United States' sovereign immunity in civil actions brought "to adjudicate a disputed title to real property in which the United States claims an interest." 28 U.S.C. § 2409a(a). As a waiver of sovereign immunity, the conditions of the Quiet Title Act must be strictly construed. *Vincent Murphy Chevrolet Co. v. United States,* 766 F.2d 449, 452 (10th Cir.1985); *see United States v. Kubrick,* 444 U.S. 111, 117–18, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). The Act states "[t]he complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired and the right, title or interest claimed by the United States." 28 U.S.C. § 2409a(d). Plaintiff asserts it has met this requirement by alleging an interest in a right of way created by operation of R.S. 2477.

■ R.S. 2477 was passed as part of the Mining Act of 1866 and provides in its entirety: *"And be it further enacted,* That the right-of-way for the construction of highways over public lands, not reserved for public uses, is hereby granted." Mining Act of July 26, 1866, § 8, 14 Stat. 253, formerly § 2477 of the Revised Statutes and later 43 U.S.C. § 932, *repealed by* Federal Land Policy Management Act of 1976 (FLPMA), § 706(a), Pub.L. No. 94–579, 90 Stat. 2793. Until its repeal in 1976, this statute set out an open-ended offer from the United States to the public of a right-of-way across unreserved public lands.[1] *See Sierra Club v. Hodel,* 848 F.2d

---

1. Unreserved public lands are lands owned by the federal government that are subject to

1068, 1078 (10th Cir.1988), *overruled on other grounds,* 956 F.2d 970 (10th Cir. 1992). This offer was accepted, and a valid R.S. 2477 right-of-way created, by the construction of a road open to and used by the public on public lands that were not reserved at the time of acceptance. *See* R.S. 2477; *Southern Utah Wilderness Alliance v. Bureau of Land Management,* 147 F.Supp.2d 1130, 1138–45 (D.Utah 2001) (analyzing requirements for perfection of R.S. 2477 right-of-way); *Fitzgerald v. United States,* 932 F.Supp. 1195, 1204 (D.Ariz.1996). All perfected R.S. 2477 rights-of-way in existence on the date of R.S. 2477's repeal remain valid and enforceable. FLPMA, 43 U.S.C. § 1769.

■ Plaintiff alleges the construction of a road or driveway from Magnolia Road to its properties in the late 1800's or early 1900's created a valid R.S. 2477 right-of-way across the then-unreserved public lands on which the road was located. As a right-of-way is an easement, *see Hodel,* 848 F.2d at 1083, and actions to quiet title to an easement are permitted under the QTA, *see Kinscherff v. United States,* 586 F.2d 159, 161 (10th Cir.1978), Plaintiff contends it has satisfied the QTA's requirement of setting forth "with particularity the nature of the right, title, or interest" it claims in the real property at issue. *See* 28 U.S.C. § 2409a(d).

The flaw in Plaintiff's argument is its assertion of a real property interest in the alleged R.S. 2477 right-of-way. In *Kinscherff v. United States,* the Tenth Circuit considered a similar case, in which the plaintiffs sought to establish their right to use a public road allegedly created by operation of R.S. 2477 and New Mexico law. The court stated that "[a] quiet title action may be brought by anyone claiming an interest in real property. The interest, however, must be some interest in the title to the property. An attempt to remove a cloud from title presupposes that the plaintiff has some title to defend." 586 F.2d at 160 (internal citations omitted). The court further held that the real property interest in a public road created by operation of R.S. 2477 and other authority "is vested in the public generally" and "[m]embers of the public as such do not have 'title' in public roads. To hold otherwise would signify some degree of ownership as an easement. It is apparent that a member of the public cannot assert such an ownership in a public road." *Id.* at 160. Therefore, the court held, "the 'interest' plaintiffs seek to assert as part of the public is not of such a nature to enable them to bring suit to quiet title." *Id.* at 161.

The Eighth Circuit has concurred that "the right of an individual to use a public road is not a right or interest in property for purposes of the Quiet Title Act." *Long v. Area Manager, Bureau of Reclamation,* 236 F.3d 910, 915 (8th Cir.2001) (holding that private plaintiff seeking to quiet title to a right of access on a former public road had failed to state a claim under the QTA). This Court has also relied on *Kinscherff* to dismiss for lack of jurisdiction claims by private citizens to quiet title in Colorado public roads allegedly created by operation of R.S. 2477. *See Baker's Peak Landowner's Ass'n v. United States,* No. 00–S–519, slip op. at 6 (D.Colo. July 30, 2001) (members of the public do not have "an easement (or any other title interest) in public roads"); *Staley v. United States,* 168 F.Supp.2d 1209 (D.Colo.2001) ("The Court refuses Plaintiffs' invitation to blur the

---

sale or other disposal under the general land laws and are not subject to prior valid claims by others. *Humboldt County v. United States,* 684 F.2d 1276, 1281 (9th Cir.1982). The placement of public lands in the National Forest system is a reservation of these lands that precludes establishment of an R.S. 2477 right-of-way across them. *See, e.g., Fitzgerald v. United States,* 932 F.Supp. 1195, 1204 (D.Ariz.1996).

lines between a title interest and a right of access to a public road.").[2]

 Plaintiff attempts to distinguish *Kinscherff* and its progeny by asserting these cases only addressed a private plaintiff's ability to quiet title in a *public road* created pursuant to R.S. 2477 and not its ability to quiet title with respect to the *right-of-way* granted pursuant to this statute. This argument is spurious. A right-of-way is "a species of easements" and is subject to the principles that govern easements. *Hodel,* 848 F.2d at 1083. An easement creates a nonpossessory right in its holder to enter and use land in the possession of another for limited purposes authorized by the easement. *See* 1 Restatement (Third) of Property: Servitudes § 1.2(1). An R.S. 2477 right-of-way authorizes the use of the land within its scope as highway, which, Plaintiff acknowledges, means use as a public road. *See, e.g.,* Black's Dictionary of Law at 572 (1891) ("highway" defined as "[a] free and public road, way or street; one which every person has the right to use"); Black's Law Dictionary at 371 (1984) (same); *Southern Utah Wilder-*

*ness Alliance,* 147 F.Supp.2d at 1143. An R.S. 2477 right-of-way does not, in fact, even come into existence unless and until such a "highway," *e.g.,* public road, is established. *See* R.S. 2477. As an R.S. 2477 right-of-way cannot exist without the public road and visa versa, the two are essentially synonymous in this context.[3] That Plaintiff seeks to quiet title in the "statutory right-of-way," rather than in the "public road" on this right-of-way, *see* Pl's Resp. at 2, is, therefore, a distinction without a difference.[4]

 Even if an R.S. 2477 right-of-way was somehow distinguishable from the public road it contains, Plaintiff would still lack the requisite interest to quiet title to the right-of-way. Plaintiff admits, as it must, that an R.S. 2477 right-of-way is, by definition, open to all members of the public who wish to use it. Pl's Resp. at 5. As such, under *Kinscherff,* the real property interest in this easement vests in the public generally and not in individual members of the public.[5] *See* 586 F.2d at 160. Plaintiff cites no authority, and there is none, for its bald assertion that the claimed R.S. 2477 right-of-way vested with it.[6]

**2.** In both of these cases, the plaintiffs attempted to distinguish *Kinscherff* by arguing that its conclusion regarding the lack of a private party's real property interest in a public road was based on New Mexico law, and that Colorado law was broader and recognized such an interest. The court rejected this argument in both instances. *See Baker's Peak Landowner's Assn.,* slip op. at 5–6; *Staley,* 168 F.Supp.2d at 1212–13.

**3.** Plaintiff essentially concedes this obvious point by alleging in its complaint that the "[s]aid roads [providing access to its property] constitute rights of way within the contemplation of R.S. 2477." Complaint, ¶ 15.

**4.** Plaintiff also appears to argue that an R.S. 2477 right-of-way is distinguishable from a R.S. 2477 public road because the right-of-way is not a fee interest while the road is owned in fee by the United States or some governmental entity. It should go without saying, however, that neither an R.S. 2477

right-of-way nor the public road it contains are owned in fee as all that is granted by R.S. 2477 is the nonpossessory right to use the right-of-way for a public road. *See* R.S. 2477; *Hodel,* 848 F.2d at 1083 (identifying a right-of-way as an easement); 1 Restatement (Third) of Property: Servitudes § 1.2(1) (defining an easement).

**5.** The government entity that owns the right-of-way and road created by operation of R.S. 2477 has the requisite interest to quiet title in the right-of-way. *See Long,* 236 F.3d at 915 (government entity owns easement for public road); *Kinscherff,* 586 F.2d at 161 (noting New Mexico statute providing that public rights-of-way vest with state).

**6.** *Nicolas v. Grassle,* 83 Colo. 536, 267 P. 196 (1928) and the other authority cited by Plaintiff do not support this proposition, as they speak to issues relating to the creation of an R.S. 2477 right-of-way or road, not a private party's alleged real property interest in a per-

For the reasons stated above, I conclude Plaintiff has not asserted an interest sufficient to state a claim under the Quiet Title Act and, as a result, this court lacks jurisdiction under 28 U.S.C. § 1346(f). As Plaintiffs have not asserted any other basis for jurisdiction, Defendant's Motion to Dismiss is GRANTED and this action is hereby DISMISSED WITH PREJUDICE.

fected R.S. 2477 right-of-way. *See, e.g., id.* at 537–38, 267 P. 196.