MURGUIA, Circuit Judge
concurring in the Judgment.
I concur with the decision to affirm the district court, but depart from the majority’s reasoning for dismissing Hazel *883 Green s claim based on its easement right under California law as a landowner abutting a county road. I believe Hazel Green lacks a cognizable property interest to bring a claim under the Quiet Title Act. Hazel Green’s interest in accessing the roads is ultimately not fundamentally different from public access rights which have been deemed insufficient to assert a claim under the Quiet Title Act. See, e.g., Long v. Area Manager, Bureau of Reclamation, 236 F.3d 910, 915 (8th Cir.2001); Friends of Panamint Valley v. Kempthorne, 499 F.Supp.2d 1165, 1178 (E.D.Cal. 2007); Alleman v. United States, 372 F.Supp.2d 1212, 1225-26 (D.Or.2005); Tudor v. Members of Ark. State Parks, Recreation and Travel Comm’n, 83 F.R.D. 165, 170 (E.D.Ark.1979). The fact that Hazel Green claims an interest as an abutting landowner does not alter the nature of its claim. See, e.g., Staley v. United States, 168 F.Supp.2d 1209 (D.Colo.2001); see also Kinscherff v. United States, 586 F.2d 159, 160 (10th Cir.1978) (noting that plaintiff asserts real property interest “as an owner of land abutting a public highway”). Nor am I persuaded that the fact that California law characterizes Hazel Green’s interest as an easement sufficiently distinguishes Hazel Green’s claim from claims made by those with public access rights. “[TJhe instructive value of state law is limited by federal interests,” McFarland v. Kempthorne, 545 F.3d 1106, 1111 (9th Cir.2008), and the waiver of sovereign immunity by the United States “is to be strictly construed, in terms of its scope, in favor of the sovereign.” Dep’t of the Army v. Blue Fox, Inc., 525 U.S. 255, 260, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999).
The majority believes Hazel Green’s property right is sufficient to bring a claim under the Quiet Title Act, but dismisses that claim on the basis that the County’s abandonment of the road extinguishes Hazel Green’s rights of access. Hazel Green argued that the state’s decision not to appeal any claim to the roads in this lawsuit was tantamount to abandonment that did not preclude its claims because Hazel Green mistakenly believed its right of access would survive abandonment. While I agree with the majority that abandonment of the roads would extinguish easement access rights such as those alleged by Hazel Green, Norcross v. Adams, 263 Cal. App.2d 362, 69 Cal.Rptr. 429 (1968), I disagree that this bears relevance to this case. There has been no determination that the roads have been abandoned and Hazel Green’s arguing it does not make it so. “[A] county road, once properly established, continues to exist until properly abandoned as prescribed by statute.... ” Tucker v. Watkins, 251 Cal.App.2d 327, 59 Cal.Rptr. 453 (1967); Western Aggregates, Inc. v. County of Yuba, 101 Cal.App.4th 278, 130 Cal.Rptr .2d 436, 458 (2002); San Diego Cnty. v. California Water and Tel. Co., 30 Cal.2d 817, 186 P.2d 124 (Cal. 1947);West’s Ann.Cal.Str. & H.Code § 901. If Hazel Green could assert a claim against the United States, whether the County owned or abandoned the road would be established as a fact over the course of the litigation. The fact that Hazel Green needs the County to assert its ownership of the roads in order to preserve its easement claim against the United States, only confirms that its interest is not sufficient to be asserted under the Quiet Title Act. See, e.g., Staley, 168 F.Supp.2d at 1214 (holding that right of landowner abutting county road was not sufficient interest to assert a claim under the Quiet Title Act and noting that “[ujnless Plaintiffs can convince the County of Boulder to join as a co-plaintiff in this action, the Court lacks jurisdiction to hear Plaintiffs’ [claims]”).