**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANNIVERSARY MINING CLAIMS, LLC, | No. 20-15643 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00458-JCM-DJA |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted May 4, 2021
Seattle, Washington

Before: CHRISTEN and BENNETT, Circuit Judges, and FRIEDMAN,** District Judge.

Anniversary Mining Claims, LLC, ("AMC") appeals the district court's orders dismissing with prejudice AMC's complaint for lack of subject matter jurisdiction and denying AMC's motion for reconsideration. We have jurisdiction

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

pursuant to 28 U.S.C. § 1291. We affirm in part and reverse in part.

AMC owns a parcel of land ("Property") in Nevada consisting of approximately 221 acres of patented mining claims. The Property is landlocked by federal land. The original owners of the Property constructed a road over federal land to connect the Property to a railroad and highway, but the government condemned a portion of that road in 1952 to build what is now Nellis Air Force Base. *See United States v. 9,947.71 Acres of Land*, 220 F. Supp. 328, 330 (D. Nev. 1963). Following that taking, the owners of the Property began using the Anniversary Mine/Narrows Road ("Anniversary Mine Road") as a means of ingress and egress to the Property. AMC alleges that the Property owners have since continuously used the Anniversary Mine Road to commercially transport mineral products. In 2014 and 2015, the federal government prohibited AMC from using or improving the Anniversary Mine Road for commercial purposes. AMC then brought a claim under the Quiet Title Act ("QTA") against the United States and Clark County, Nevada, asserting a right of way over the Anniversary Mine Road pursuant to Revised Statute 2477. The district court dismissed AMC's claim for failing to plead a property interest cognizable under the QTA. It did so with prejudice because AMC's defective allegations could not be cured by amendment. The district court also denied AMC's motion for reconsideration.

We review de novo the district court's order granting the motion to dismiss.

2

*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018). We review the district court's decision to dismiss with prejudice for abuse of discretion, but we review the question of futility of amendment de novo. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016). We review the denial of the motion for reconsideration for abuse of discretion. *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1140 (9th Cir. 2010).

The district court did not err in dismissing AMC's complaint for lack of subject matter jurisdiction. The QTA waives the United States's sovereign immunity only if the complaint "set[s] forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property . . . ." 28 U.S.C. § 2409a(d). In its complaint, AMC claims that the Anniversary Mine Road is a Revised Statute 2477 public road and AMC thus holds a right to use the road for commercial purposes. The district court correctly construed the complaint as asserting AMC's right to access the Anniversary Mine Road as a member of the public. That right is vested in the public generally and does not give AMC a property interest to which title can be quieted, as required for a claim under Nevada law, which informs our understanding of the QTA. *See Kinscherff v. United States*, 586 F.2d 159, 160 (10th Cir. 1978); *cf. W. Sunset 2050 Tr. v. Nationstar Mortg., LLC*, 420 P.3d 1032, 1034 (Nev. 2018) ("In a quiet title action, a plaintiff's right to relief depends on superiority of title." (cleaned up)). We therefore affirm the district

3

court's dismissal of AMC's complaint.

However, an easement by necessity is an interest in real property that can be asserted under the QTA. *See McFarland v. Kempthorne*, 545 F.3d 1106, 1111 (9th Cir. 2008). Thus, if AMC could have asserted a plausible easement by necessity, amendment might not be futile. AMC did not use that term in its complaint, and it provided almost no support for an easement by necessity when it first suggested that theory in response to the motion to dismiss. But at oral argument, AMC claimed that the 1952 condemnation created an easement by necessity and supplied additional facts about the Anniversary Mine Road relating to that alleged easement.

Although the district court did not have the benefit of this information, we nonetheless reverse its decision to dismiss with prejudice because on this record we cannot say that amendment would be futile. We can imagine circumstances in which the condemnation could create an easement by necessity (though it is not clear if those circumstances exist here, due to the deficient pleading). The government also appears to concede that the district court's dismissal with prejudice (founded upon a lack of jurisdiction based on the QTA) may not preclude AMC from bringing a new QTA action premised on an easement by necessity based on the 1952 condemnation. Thus, judicial economy favors reversing and remanding this case to the district court so AMC can amend its complaint to allege an easement by necessity. *Cf. Mujica v. AirScan Inc.*, 771 F.3d 580, 593 n.8 (9th Cir. 2014). We note that our reversal

4

applies only to AMC's claim against the United States—the QTA does not provide a cause of action against counties, so we affirm the dismissal with prejudice of AMC's claim against Clark County.

On remand, AMC will be permitted to assert only a single cause of action under the QTA alleging an easement by necessity arising out of the 1952 condemnation, because AMC disclaimed at oral argument any claims for an express easement or for easements arising out of other severances. AMC will still have to satisfy the QTA's requirements that the "complaint . . . set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property," as well as "the circumstances under which it was acquired." 28 U.S.C. § 2409a(d); *see also McMaster v. United States*, 731 F.3d 881, 897–98 (9th Cir. 2013). Thus, AMC must plead with specificity how the 1952 condemnation satisfies all the elements required to create an easement by necessity over the Anniversary Mine Road. *See McFarland*, 545 F.3d at 1111 (listing the elements of an easement by necessity).

AMC's motion for reconsideration argued that the complaint asserted an easement by necessity and that the district court misconstrued the complaint. Because we remand for further proceedings on AMC's claim for an easement by necessity, we deny as moot AMC's appeal from the district court's order denying reconsideration.

**AFFIRMED in part, REVERSED in part,** and **REMANDED** to the district court for further proceedings consistent with this disposition. Each party shall bear its own costs on appeal.