MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., a Delaware corporation, Plaintiff–Appellee,

v.

Bernice JACKS, Bernice Bettridge, Bernice Jacks and Bernice Bettridge, as Trustees of the Bernice Jacks Revocable Family Trust, Kristen Larsen, Jill Larsen, Jo Lynn Larsen, as Guardian for Kimberly Larsen, Brook Larsen, Mary Lynn Larsen, and Jack David Larsen, Defendants,

and

Jo Lynn Larsen, Defendant–Appellee.

Clerk of the United States District Court for the District of Utah, acting in his official capacity as an officer of the United States, Appellant.

No. 90–4213.

United States Court of Appeals, Tenth Circuit.

April 1, 1992.

Stuart M. Gerson, Asst. Atty. Gen., Dee V. Benson, U.S. Atty., and Douglas N. Let- ter and Catherine L. Fisk, Attorneys, Appellate Staff, Civ. Div., Dept. of Justice, Washington, D.C., on the briefs for appellant.

Charles M. Bennett, Callister, Duncan & Nebeker, Salt Lake City, Utah, for plaintiff-appellee.

Before McKAY, Chief Judge, TACHA, Circuit Judge, and BROWN, District Judge.*

TACHA, Circuit Judge.

The appellant appeals an order of the district court entering judgment against the United States in the amount of $9,960.04. On appeal, the appellant contends that the district court lacked jurisdiction to enter a judgment against the United States because there was no waiver of sovereign immunity. The appellant also asserts that the express requirements of Fed. R.Civ.Proc. 67 precluded the district court from granting relief in this case. We exercise jurisdiction under 28 U.S.C. § 1291 and reverse.[1]

This appeal arises out of a statutory interpleader action that began when Merrill Lynch, Pierce, Fenner and Smith, Inc. (Merrill Lynch) deposited $171,408 into the registry of the United States District Court for the District of Utah. As required by statute, the court deposited the funds in the United States Treasury. A few months later, Merrill Lynch requested that the district court order the funds placed in an interest-bearing account. The district court signed Merrill Lynch's proposed order, which was subsequently delivered to the docketing clerk and was filed and entered on the docket sheet.

The attorneys involved in the action failed to serve the order on the clerk of the court personally. Because the clerk was not aware of the order, he did not transfer the funds from the United States Treasury into an interest-bearing account. When the

---

\* The Honorable Wesley E. Brown, District Judge for the United States District Court for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

funds were disbursed upon settlement of the action, the claimants (now the appellees) moved to have the clerk held in contempt for failing to comply with the district court's order. The district court declined to hold the clerk in contempt, but did enter a judgment against the United States for "an amount equal to the interest that would have been received by [the appellees] had the interpled funds in this matter been put in an interest-bearing account." The district court further specified that "[p]ayment shall be from the United States Treasury."

The appellant asserts that the district court lacked jurisdiction to enter a judgment against the United States without a waiver of sovereign immunity. Sovereign immunity applies if " 'the judgment sought would expend itself on the public treasury or domain.' " *New Mexico v. Regan*, 745 F.2d 1318, 1320 (10th Cir.1984) (quoting *Land v. Dollar*, 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947)), *cert. denied*, 471 U.S. 1065, 105 S.Ct. 2138, 85 L.Ed.2d 496 (1985). In this case, the district court ruled that "[p]ayment shall be from the United States Treasury." Therefore, the district court's order unequivocally implicates the sovereign immunity of the United States.

Because the district court's action implicates the sovereign immunity of the United States, we must decide whether the district court had jurisdiction to entertain such an action. We begin by noting that the United States " 'is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.' " *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941)). The district court determined that it had jurisdiction to hear the case under a district court's "plenary power to see that its orders are followed." Therefore, to resolve the jurisdictional issue, we must determine whether the district court's plenary power can override or waive the sovereign immunity of the United States.

The concept of sovereign immunity means that the United States cannot be sued without its consent. *See United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). Further, only Congress, not the courts, can waive the sovereign immunity of the United States. *See* 14 Charles A. Wright et al., Federal Practice and Procedure § 3654 (1985); *see also* Charles A. Wright, *The Law of Federal Courts* 115–19 (4th ed. 1983). Therefore, "[i]n the absence of clear congressional consent, then, 'there is no jurisdiction ... to entertain suits against the United States.' " *Mitchell*, 445 U.S. at 538, 100 S.Ct. at 1351 (quoting *United States v. Sherwood*, 312 U.S. 584, 587–88, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941)). The district court in this case used its plenary power to reach into the coffers of the United States and, in effect, to waive the sovereign immunity of the United States. Because only Congress can waive the United States' sovereign immunity, the district court lacked jurisdiction to enter a judgment against the United States in this action.

Because we find that the district court lacked jurisdiction to enter a judgment against the United States, we do not address the appellant's second argument.

The order of the district court is REVERSED.