991 F.2d 806
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, In the Matter of the Tax
Indebtedness of Wilford L. Severance, dba
University Home Style Laundry, Plaintiff-Appellee,
v.
Wilford L. SEVERANCE, dba University Home Style Laundry,
Defendant-Appellant.
 No. 92-1151.
 United States Court of Appeals, Tenth Circuit.
 April 20, 1993.
 
 Before McKAY, Chief Judge, and HOLLOWAY and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT[1]
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant appeals the district court's dismissal of his complaint and motion. In order to collect delinquent taxes, the government applied for a warrant to enter appellant's business and seize certain property. After a finding of probable cause based on the affidavit of an Internal Revenue Service officer, a Warrant for Entry on Premises to Effect Levy was issued by a magistrate judge. The warrant was executed and appellant then filed a complaint in the district court, naming federal and state employees as defendants. The complaint requested that the warrant be stricken and that the seized property be returned. Appellant also filed a Motion to Compel a Judicial Ruling, naming the same defendants.
 
 
 3
 The district court adopted the magistrate judge's recommendations and dismissed the complaint and motion on the grounds of res judicata and collateral estoppel. We agree that the complaint and motion should be dismissed, but on different grounds than found by the district court. We hold that the complaint and motion should be dismissed for lack of subject matter jurisdiction.
 
 
 4
 We review the subject matter jurisdiction of the district court de novo. Williams v. United States, 957 F.2d 742, 743 (10th Cir.1992). "When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States." Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir.1989). Appellant makes no claims against individuals other than in their official capacities as agents of the United States. As a general proposition, the United States cannot be sued without its consent. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks, 960 F.2d 911, 913 (10th Cir.1992). Sovereign immunity can only be waived by Congress and, in the absence of clear congressional intent, courts lack jurisdiction over actions against the United States. Id. "Congress has provided express methods by which proposed deficiencies, assessments or collection of taxes may be challenged, and express prohibition in the Anti-Injunction Act, 26 U.S.C. § 7421(a), against suits brought for the purpose of restraining the assessment or collection of any tax except in the prescribed manner." Lonsdale v. United States, 919 U.S. 1440, 1444 (10th Cir.1990).
 
 
 5
 To the extent appellant is requesting this court to restrain the collection of the tax, his claim is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a).[2] The judicial exception[3] to that Act does not apply to avoid the jurisdictional bar because appellant has not demonstrated either that under no circumstances could the government establish its claim to the asserted tax or that irreparable injury would otherwise occur. See Lonsdale, 919 F.2d at 1442.
 
 
 6
 To the extent that appellant is requesting a refund, his claim is barred on jurisdictional grounds because filing a refund claim is a prerequisite to such a suit. 26 U.S.C. § 7422(a).[4] There is no evidence that appellant has filed a refund claim, as required by statute.
 
 
 7
 The judgment of the United States District Court for the District of Colorado is MODIFIED to reflect dismissal for lack of subject matter jurisdiction.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [2]
 26 U.S.C. § 7421(a) provides in relevant part that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...."
 
 
 [3]
 That statute itself contains several exceptions, none of which are relevant here
 
 
 [4]
 26 U.S.C. § 7422(a) provides that:
 No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.