**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 7 2004**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

# UNITED STATES COURT OF APPEALS
## TENH CIRCUIT

SOUTHWEST FOUR WHEEL DRIVE
ASSOCIATION, a New Mexico
nonprofit association; LAS CRUCES
FOUR WHEEL DRIVE CLUB, a New
Mexico unincorporated association,

      Plaintiffs-Appellants,

v.

BUREAU OF LAND MANAGEMENT,
an agency of the United States
Department of the Interior; AMY
LEUDERS, District Manager, Las
Cruces District, Bureau of Land
Management; UNITED STATES OF
AMERICA,

      Defendants-Appellees.

THE WILDERNESS SOCIETY; NEW
MEXICO WILDERNESS
ASSOCIATION,

      Intervenors-Appellees.

No. 03-2138

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. CIV-00-799-LH/ACT)**

Lee E. Peters, of Hubert & Hernandez, P.A., Las Cruces, New Mexico, for Southwest Four Wheel Drive Association, and Las Cruces Four Wheel Drive Club, Plaintiffs-Appellants.

M. Alice Thurston, Attorney, Appellate Section, Environment & Natural Resources Division, Department of Justice, Washington, D.C. (Todd S. Aagaard, Attorney, Appellate Section, Environment & Natural Resources Division, Department of Justice, Washington, D.C., Thomas L. Sansonetti, Assistant Attorney General, David C. Iglesias, United States Attorney, and Raymond Hamilton, Assistant United States Attorney, Albuquerque, New Mexico, and Dale Pontius, Office of the Solicitor, Santa Fe, New Mexico, Paul B. Smyth and Wendy S. Dorman, Office of the Solicitor, Department of the Interior, Washington, D.C., on the briefs with her) for Bureau of Land Management, Amy Leuders, and United States of America, Defendants-Appellees.

Edward B. Zukoski, of Earthjustice, Denver, Colorado, for The Wilderness Society and New Mexico Wilderness Association, Intervenors/Appelles.

---

Before **SEYMOUR**, Circuit Judge, **BALDOCK**, Senior Circuit Judge and **LUCERO**, Circuit Judge.

---

**SEYMOUR**, Circuit Judge.

Southwest Four Wheel Drive Association (Southwest) filed suit in federal district court in New Mexico seeking a judgment granting to the public the title to certain roads on federal land. The Bureau of Land Management (BLM) closed the roads at issue after designating the area encompassing them the Robledo Mountains Wilderness Study Area and declaring the area "roadless." The district court dismissed Southwest's claim, noting the Quiet Title Act, 28 U.S.C. § 2409a, provided Southwest's exclusive remedy and finding Southwest's claim outside the

Act's twelve-year statute of limitations. *Southwest Four Wheel Drive Ass'n. v. Bureau of Land Mgmt.*, 271 F.Supp.2d 1308, 1314 (D. N.M. 2003). "We are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." *United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994) (citations and quotations omitted). Holding Southwest lacks a cause of action under the Quiet Title Act, we affirm the district court's dismissal.

Congress waived the United States' sovereign immunity to suits seeking to quiet title to certain federal lands in the Quiet Title Act. One of the Act's requirements is that any claimant under the Act must "set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property." 28 U.S.C. § 2409a(d). We held in *Kinscherff v. United States*, 586 F.2d 159, 160 (10th Cir. 1978), that "[m]embers of the public . . . do not have a 'title' in public roads," and therefore cannot meet the requirements of section 2409a(d). Because Southwest's claim is indistinguishable from the one denied in *Kinscherff*, that case disposes of Southwest's appeal.

The district court held that the Supreme Court's decision in *Block v. North Dakota*, 461 U.S. 273 (1983), overruled *Kinscherff* on the point of law at issue in this case. We disagree. *Block* definitively established the Quiet Title Act as "the exclusive means by which adverse claimants [can] challenge the United States'

title to real property," *Block*, 461 U.S. at 286, but that holding does not create a claim for Southwest. The *Block* decision merely means that if Southwest cannot state a claim under the Quiet Title Act, it has no other recourse against the United States.

"When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *United States v. Mottaz*, 476 U.S. 834, 841 (1986). Because the Quiet Title Act is the exclusive means for challenging the United States' title to real property, *Block*, 461 U.S. at 286, if Southwest cannot state a claim within the terms of the Act's provisions, the federal courts lack jurisdiction over its suit. *See, e.g.*, *Warren v. United States*, 234 F.3d 1331, 1332 (D.C. Cir. 2000) (discussing the terms of the Quiet Title Act as prerequisites to jurisdiction); *Staley v. United States*, 168 F. Supp. 2d 1209, 1211-12 (D. Colo. 2001) (same); *Baker's Peak Landowner's Ass'n, Inc. v. United States*, 2001 WL 34360431, at *2 (D. Colo. 2001) (same). Pursuant to *Kinscherff*, Southwest cannot establish a claim under the Quiet Title Act and thus it cannot bring suit against the United States.

Given Southwest's inability to state a claim, we need not reach the statute of limitations question upon which the district court based its dismissal. Albeit on different grounds than those asserted by the district court, we **AFFIRM**.