EBEL, Circuit Judge,
joined by Judges SEYMOUR, BRISCOE, and LUCERO,
concurring in part and dissenting in part.
I agree fully with the majority opinion through Section IV.A, that the Southern Utah Wilderness Alliance, Grand Canyon Trust, and The Wilderness Society (collectively “SUWA”) have established “an interest relating to the property” at issue in *1227 this litigation and “that the disposition of the action may as a practical matter impair or impede [SUWA’s] ability to protect that interest.” Fed.R.Civ.P. 24(a)(2). SUWA is, therefore, entitled to intervene as a matter of right, “unless [its] interest is adequately represented by existing parties.” Id; see also Utah Ass’n of Counties v. Clinton, 255 F.3d 1246, 1254 (10th Cir.2001). I part company with the majority, however, on Section IV.B because I conclude SUWA has satisfied its minimal burden of showing that the United States, the Department of the Interior and the National Park Service (collectively the “United States”) “may not” adequately represent SUWA’s interests in this litigation. Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972); Utah Ass’n of Counties, 255 F.3d at 1254.
The majority opinion agrees that this quiet title action is narrow. And I recognize, and appreciate the majority’s recognition, that SUWA may renew its motion to intervene at a later date if it can demonstrate more clearly a conflict between its interests and the conduct of the United States in this or subsequent litigation. Nevertheless, I still believe that SUWA has made an adequate showing that the United States may not adequately represents its interests.
This court has recognized that in many circumstances a government’s representation of many broad interests precludes it from adequately representing an intervention applicant’s more narrow and discrete interest. See Utahns for Better Transp. v. United States Dep’t of Transp., 295 F.3d 1111, 1117 (10th Cir.2002); Utah Ass’n of Counties, 255 F.3d at 1255-56; Coalition of Az./N.M. Counties for Stable Econ. Growth v. Dep’t of Interior, 100 F.3d 837, 845-46 (10th Cir.1996); Nat’l Farm Lines v. Interstate Commerce Comm’n, 564 F.2d 381, 383-84 (10th Cir.1977). Further, this court has consistently held that the intervention applicant’s burden in this regard is minimal. See Utah Ass’n of Counties, 255 F.3d at 1254; Coalition of Az./N.M. Counties for Stable Econ. Growth, 100 F.3d at 844. This is in line with this circuit’s “somewhat liberal line in allowing intervention.” Utah Ass’n of Counties, 255 F.3d at 1249 (quotation omitted).
To deny intervention in this case after SUWA has already established an interest that may be impaired in the litigation, this court must conclude that the coalescence of SUWA’s objectives with those of the United States is not just substantial but identical. See Coalition of Az./N.M. Counties for Stable Econ. Growth, 100 F.3d at 844-45. Only if the objectives are identical may we presume the United States will adequately represent SUWA’s interest.[1] See id. The majority opinion agrees that this is the proper measure. See Majority op. at 1204.
The crux of my disagreement then is that I cannot conclude that SUWA’s objectives are identical to those of the United States. Because I conclude that SUWA, in at least two ways, has met its minimal burden of showing that its objectives are not identical to those of the United States and that the United States will not adequately represent SUWA’s interests, I believe SUWA is entitled, as a matter of *1228 right, to intervene and have its voice heard in this litigation.
1. SUWA’s objectives are not identical to those of the United States.
The United States, as well as San Juan County, would have us believe that this quiet title action[2] requires a simple binary determination — i.e., does San Juan County have a right-of-way easement through Salt Creek Canyon or not. But the real question at issue in this litigation is more nuanced than that. This litigation concerns a right-of-way in the nature of an easement. As such, this litigation may address, and will unavoidably affect, not only whether there is any right-of-way, but also the nature and scope of that right-of-way if it does exist.[3] See Maj. Op. at 1200 (“The quiet-title claim may well affect vehicular traffic on the road.”); id. at 1202 (quoting 69 Fed.Reg. at 32,873, “Should it be ... determined that the State [or the] County do[es] hold a valid R.S. 2477 right of way, the [closure of Salt Creek Road to vehicular traffic] will be revisited to insure that it is consistent with the rights associated with such a right-of-way ” (emphasis added)); id. at 1202 (observing that at oral argument counsel for the federal defendants acknowledged that, even if the NPS retains regulatory authority, a district court ruling that the County has an easement in Salt Creek Road “may have some impact on what can be regulated”). San Juan County alleges that “its right of way must be sufficient in scope for vehicle traffic,” id. at 1171 (emphasis added), and that is really the crux of the dispute between the parties. It is SUWA’s objective, not only to defend the United States’ unencumbered title to this property, but to keep all vehicles out of Salt Creek Canyon and to argue that if any historical easement does exist it does not encompass vehicular traffic. Seeking to protect its purely environmental interest in this property, SUWA will want any right-of-way that does exist to be drawn as narrowly as *1229 possible. See id. at 1199 (describing SUWA’s “concern in this case” to be “the potential damage to the environment arising from vehicular traffic in Salt Creek Canyon”).
On the other hand, the United States’ objectives, if a right of way is found to exist, will involve a much broader range of interests, including competing policy, economic, political, legal, and environmental factors. See 16 U.S.C. §§ 1, la-1, 271d. The United States will have to take all these multiple interests into account when it develops its litigation strategy, and it may very well take the position that if a right-of-way easement does exist, it may be broad enough to encompass some vehicular traffic. And, whether the United States takes such a position overtly or not, that issue will unavoidably be affected by the ruling in this quiet title action. Because this quiet title action will affect not only whether Utah or San Juan County have any right-of-way easement along Salt Creek Canyon but also the scope of such an easement, the potential and even likelihood of a conflict between the positions of the United States and SUWA cannot be avoided. If there is an easement, it must be founded on historic usage, and that historic usage will define the scope of the easement. SUWA, accordingly, has a vital interest in ensuring as an intervenor that the record is fully and fairly developed as to the historic public usage of this alleged right-of-way.
This court has previously held that an intervention applicant can “easily” show its interest diverges from that of an existing party to the litigation “when the party upon which the intervenor must rely is the government, whose obligation is to represent not only the interest of the intervenor but the public interest generally, and who may not view that interest as coextensive with the intervenor’s particular interest.” Utah Ass’n of Counties, 255 F.3d at 1254. “[I]n such a situation the government’s prospective task of protecting not only the interest of the public but also the private interest of the petitioners in intervention is on its face impossible and creates the kind of conflict that satisfies the minimal burden of showing inadequacy of representation.” Utahns for Better Transp., 295 F.3d at 1117 (quotation omitted).
[T]he government’s representation of the public interest generally cannot be assumed to be identical to the individual parochial interest of a particular member of the public merely because both entities occupy the same posture in the litigation. In litigating on behalf of the general public, the government is obligated to consider a broad spectrum of views, many of which may conflict with the particular interest of the would-be intervenor. Even the government cannot always adequately represent conflicting interests at the same time. This potential conflict exists even when the government is called upon to defend against a claim which the would-be in-tervenor also wishes to contest.
Utah Ass’n of Counties, 255 F.3d at 1255-56 (quotation, citation, and alteration omitted).
Because SUWA’s “interest is similar to, but not identical with, that of one of the parties, a discriminating judgment is required on the circumstances of the particular case, but he ordinarily should be allowed to intervene unless it is clear that the party will provide adequate representation for the absentee.” Natural Res. Def. Council, Inc. v. United States Nuclear Regulatory Comm’n, 578 F.2d 1341, 1346 (10th Cir.1978) (quotation omitted).[4]
*1230 II. History of conflict between SUWA and the United States.
Even if SUWA’s objectives are identical to those of the United States in this litigation, SUWA has alternatively established that the United States may not adequately represent its interests based upon the long history of conflict between SUWA and the United States on this precise issue. The United States did not restrict vehicular traffic from Salt Creek Canyon until SUWA sued it. See San Juan County v. United States, 420 F.3d 1197, 1202 (10th Cir.2005). The administrative proceedings and litigation involved in that dispute spanned over a decade. See id. This is certainly a factor to be considered in determining whether SUWA’s interests and those of the United States diverge. See Coalition of Az./N.M. Counties for Stable Econ. Growth, 100 F.3d at 845-46.
SUWA contends that, after the United States prohibited vehicles in Salt Creek Canyon, the United States still has not been as protective of the Salt Creek environment as it should have been. For example, SUWA points to the fact that the United States has, on occasion, still permitted San Juan County employees to drive motorized vehicles through the canyon despite the federal ban. And in the earlier litigation, it was SUWA — not the United States — that sought to preclude San Juan County employees from doing so. See Majority op. at 1168-69. This further suggests that the United States does not fully share SUWA’s environmental commitment in the canyon. Cf. Coalition of Az./N.M. Counties for Stable Econ. Growth, 100 F.3d at 845 (noting in that case that the government’s “ability to adequately represent [the intervention applicant] despite its obligation to represent the public interest is made all the more suspect by its reluctance in protecting the Owl, doing so only after [the intervention applicant] threatened, and eventually brought, a law suit to force compliance with the [Endangered Species] Act”). The United States must represent multiple interests in the decisions as to how broadly or narrowly it attempts to portray the easement and how zealously it chooses to resist San Juan County and Utah’s claims for an R.S. 2477 right-of-way. But that is exactly the point — even in this quiet title action, the United States is representing multiple interests. As such, it cannot adequately represent SUWA’s narrower and more focused environmental interest.
Moreover, the fact that the United States has opposed SUWA’s intervention in this action suggests that the United States does not intend fully to represent SUWA’s interests. See Utah Ass’n of Counties, 255 F.3d at 1256; Utahns for Better Transp., 295 F.3d at 1117.
In addition, according to SUWA, the National Parks Service (“NPS”) has never finalized its investigation of the existence of the right-of-way San Juan County claims in this litigation. A 2002 environmental assessment did analyze San Juan County’s claim, concluding that “an R.S. 2477 right-of-way was not established in Salt Creek Canyon. Existing known evidence does not show by a preponderance of the evidence that the route meets the *1231 standard for an R.S. 2477 right-of-way.” San Juan County, 420 F.3d at 1213 (quotation omitted; emphasis added). But that preliminary assessment went on to recommend that “[a] formal public notification be carried out and a determination made based upon notice and the opportunity for the public to provide any additional information that may exist regarding the establishment of an R.S. 2477 right-of-way in Salt Creek Canyon.” Id. (quotation omitted). SUWA now alleges that the NPS has never acted on its own recommendation to undertake additional investigation of the right-of-way.
NPS’s failure in this regard is of concern because the determination of whether, and to what extent, San Juan County has a right-of-way through Salt Creek Canyon will turn on the historic uses of the canyon. The creation of a record will be critical to that determination. See S. Utah Wilderness Alliance v. Bur. of Land Mgmt., 425 F.3d 735, 741-42 (10th Cir.2005). Yet, as SUWA alleges, NPS has not further investigated these matters. If SUWA is entitled to intervene, it will be able to ensure that the evidentiary record before the district court is complete, as well as fully reflecting SUWA’s interests and concerns.
In Maine v. Director, United States Fish and Wildlife Service, the First Circuit, even though presuming the government would adequately defend its actions and those of potential intervenors with interests aligned with it, noted that “we might view this ease differently” if the proposed intervenors sought to assert an argument different than that asserted by the government and the intervenors’ argument “depended on introduction of evidence that the [government] would refuse to present.” 262 F.3d at 20. However, the applicants’ request to intervene in that case was denied, in part because the federal courts’ review of the government action in Maine was limited to an already-created administrative record. See id.
That is not the case here. Rather, the disposition of this lawsuit will turn heavily on a record yet to be created during this litigation. As an intervenor, SUWA will be able to affect what evidence that record includes and ensure that the record includes all the evidence necessary to reflect SUWA’s environmental concerns and enable the court to make a fully informed decision.
Judges are not required to disregard reality. Based upon the historical hostility between the United States and SUWA concerning this canyon, one can easily conclude that there is a possibility that the United States will not adequately represent SUWA’s interests relating to this property, interests that may be impaired by this litigation. That is all SUWA must establish.
III. Conclusion
If not allowed to intervene, SUWA will be left with an acknowledged interest in this property, an interest which may be impaired by the disposition of this lawsuit, and yet have no opportunity to have its voice heard in support and protection of its interest and no opportunity to ensure that the record is fully and fairly developed so that the court can make an adequately informed decision regarding the R.S. 2477 claim. Once this quiet title action is decided, either by settlement or judicial decision, it may be too late. Because I conclude that SUWA has. met its minimal burden to show that there is a possibility that the United States may not adequately *1232 represent SUWA’s interest in this litigation, I would hold that SUWA is entitled to intervene in this action as a matter of right. Accordingly, I would reverse and remand with instructions that the district court should allow SUWA to intervene.

. I do not quarrel with the majority’s statement that this presumption may apply when a governmental party possesses objectives that are identical to those of the intervention applicant. See Majority op. at 1205-07 (citing United States v. Hooker Chems. & Plastics Corp., 749 F.2d 968 (2d Cir.1984); Solid Waste Agency v. United States Army Corps of Eng'rs, 101 F.3d 503 (7th Cir.1996); and Maine v. Dir., United States Fish & Wildlife Serv., 262 F.3d 13 (1st Cir.2001)).

. San Juan County brought this quiet title action against the United States under 28 U.S.C. § 2409a. This statute, which “is the exclusive means for challenging the United States’ title to real property,” Southwest Four Wheel Drive Ass’n v. Bur. of Land Mgmt., 363 F.3d 1069, 1071 (10th Cir.2004), "contains a limited waiver of sovereign immunity. It allows the United States to be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest.” Neighbors for Rational Dev., Inc. v. Norton, 379 F.3d 956, 961 (10th Cir.2004). "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction.” Southwest Four Wheel Drive Ass’n, 363 F.3d at 1071 (quotation omitted).
For the first time in its en banc briefs, the United States vaguely suggests that, because § 2409a represents a waiver of the United States' sovereign immunity, it also somehow precludes SUWA’s intervention. Generally, this court will not address an issue raised for the first time on appeal. See Shell Rocky Mountain Prod., LLC v. Ultra Res., Inc., 415 F.3d 1158, 1164 (10th Cir.2005). To the extent the United States' argument implicates the federal courts’ subject matter jurisdiction, however, we can consider that argument for the first time on appeal. See Daigle v. Shell Oil Co., 972 F.2d 1527, 1539 (10th Cir.1992). But § 2409a does not preclude SUWA’s intervention in this quiet title action. SUWA claims no ownership interest in the United States' property at issue in this case. Instead, SUWA seeks only to intervene on the United States’ behalf in an action where the United States has already been named a defendant. Sovereign immunity, therefore, would not preclude SUWA’s intervention. See 1C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1917 (2ded.l986).

. The complaint filed by the intervenor State of Utah, after the district court denied SUWA’s motion to intervene, reiterates that this litigation concerns not only the existence of a right-of-way, but the scope of that right-of-way if it does exist.

. As a practical matter, we can rely to some extent on SUWA’s own assessment of its inter *1230 est. “There is good reason in most cases to suppose the applicant is the best judge” of whether its interests are already being represented adequately, particularly since a prospective intervenor is willing to bear the cost of participating in the litigation as a party. 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1909; see also 6 James Wm. Moore, Moore's Federal Practice § 24.03[4][a][i] (2006).