LUCERO, Circuit Judge,
concurring in part, dissenting in part.
I concur in the majority opinion through Section IV.A, but I join Judge Ebel’s dissent as to Section IV.B. In my judgment, SUWA is entitled to intervene as of right. I write separately because some of today’s holdings are rather well huddled in the scholarly debate of my respected colleagues, and it seems to me that there is a certain utility to be gained by extracting and synthesizing some of the key holdings. In addition, I write to explain the basis of my vote.
I
Beginning with the issue of sovereign immunity, the majority opinion reaches a narrow and unremarkable holding: Congress has not conditioned its waiver of sovereign immunity under the Quiet Title Act to foreclose the intervention of a party seeking to come into the litigation on the same side as the United States, to advocate for the same outcome, and to add no new claims to the litigation. This conclusion strikes me as fundamentally correct, given the nature of the principle of sovereign immunity and the limited consequences of allowing the Southern Utah Wilderness Alliance, the Grand Canyon Trust, and The Wilderness Society (collectively “SUWA”) to intervene in this case.
As Chief Justice John Marshall recognized over 185 years ago, the basic principle of sovereign immunity is “that no suit can be commenced or prosecuted against the United States,” Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 411-12, 5 L.Ed. 257 (1821) (emphasis added), unless Congress has given its consent, United States v. Clarke, 33 U.S. (8 Pet.) 436, 444, 8 L.Ed. 1001 (1834). Although courts have spent nearly two centuries since Cohens defining the precise contours of sovereign immunity, no federal court, to my knowledge, has ever found the principle to be so sweeping that the United States must provide its unequivocal consent not only to be sued, but also to be defended by a party seeking to intervene. To the contrary, in its long history of crafting statutory immunity waivers, Congress has never evidenced any notion that intervention on the side of the United States could pose a threat to federal sovereignty. I thus agree with the majority’s conclusion that SUWA’s intervention does not the offend traditional principle of sovereign immunity and that the Quiet Title Act does not condition its waiver of immunity in a way that would prevent SUWA from intervening in this litigation.
Moreover, in so far as the sovereignty of the United States is concerned, the practical consequences of allowing SUWA to intervene are extremely limited. As Judge Hartz aptly recognizes, SUWA’s intervention would not expose the United States to any litigation burden not already inherent in the Quiet Title Act’s waiver of immunity; the nature of this suit is fundamentally the same with or without SUWA’s intervention. Appropriately, that should be the end of the jurisdictional matter.
II
Turning to the question of intervention of right, I understand the majority to re *1233 ject the artificial hurdles imposed by the “direct, substantial, and legally protecta-ble” interest test (“DSL test”) as previously espoused by this circuit and 'currently applied by certain other circuits. See, e.g., Utah Ass’n of Counties v. Clinton, 255 F.3d 1246, 1251 (10th Cir.2001); Coal. of Ariz./N.M. Counties v. Dep’t of Interior, 100 F.3d 837, 840 (10th Cir.1996). Like the court, I consider the DSL test to be improperly narrow and unnecessarily dismissive of the practical effect that litigation can have on potential intervenors. That test also largely ignores our jurisprudence counseling that a less restrictive approach is mandated by the text of Rule 24(a)(2). See Natural Res. Def. Council, Inc. v. U.S. Nuclear Regulatory Comm’n, 578 F.2d 1341, 1344 (10th Cir.1978); see also Nat’l Farm Lines v. Interstate Commerce Comm’n, 564 F.2d 381, 384 (10th Cir.1977).
In rejecting the DSL test, I agree that whether a proposed intervenor has asserted an interest meriting Rule 24(a)(2) protection depends on whether the applicant can demonstrate at the threshold that it possesses an interest that may, from a practical perspective, be adversely affected or impaired by the litigation. Although it creates an admittedly relaxed standard, in my judgment, this holding provides courts in our circuit with the flexibility to practically resolve lawsuits by allowing the participation of as many parties as is compatible with the primary concerns of Rule 24(a)(2) — efficiency and due process. See Coalition, 100 F.3d at 841 (citing Nuesse v. Camp, 385 F.2d 694, 700 (D.C.Cir.1967)).
In adopting a revised formulation of the impaired-interest requirement, I do not read the embedded holding of the majority opinion as allowing indiscriminate intervention. Rather, today’s opinion holds that courts considering the issue should pay careful attention to the strength of an applicant’s asserted interest and the degree to which that interest will be impaired if intervention is declined. This approach to the interest inquiry, in my judgment, appropriately allows the law to develop on a case-by-case basis. It also avoids the pitfalls inherent in the rigid DSL test, which otherwise requires an applicant for intervention to surmount linguistic hurdles not mandated by Rule 24(a)(2).
There can be no question that under today’s pronounced Rule 24(a)(2) inquiry, SUWA has cognizable interests that merit our recognition.[1] Simply put, SUWA seeks to resolve title to the disputed right-of-way in favor of the United States because a decision in favor of San Juan County will adversely affect SUWA’s aesthetic, conservation, and recreational interests in seeing the Salt Creek Road closed to vehicular traffic. These are not remote concerns; SUWA has vigorously sought to vindicate these and related interests in numerous administrative and judicial proceedings. See, e.g., San Juan County v. United States, 420 F.3d 1197 (10th Cir.2005); Sw. Four Wheel Drive Ass’n v. Bureau of Land Mgmt., 363 F.3d 1069 (10th Cir.2004); S. Utah Wilderness Alliance v. Dabney, 222 F.3d 819 (10th Cir.2000); S. Utah Wilderness Alliance v. Nat’l Park Serv., 387 F.Supp.2d 1178 (D.Utah 2005). Were SUWA to be impeded from intervening as a result of the threshold interest requirement, its ability *1234 to protect these interests would be irreparably impaired. See, e.g., Coalition, 100 F.3d at 844; Utah Ass’n, 255 F.3d at 1253-54.
As the majority recognizes, SUWA must also show that its Rule 24(a)(2) articulated interests are “relat[ed] to the property ... which is the subject of the action.” It has undoubtedly made such a showing. Although couched in the form of an action to quiet title to Salt Creek Road, this is ultimately a case about how Salt Creek Road will be used. Should San Juan County eventually prevail on the merits, its stated goal is to open Salt Creek Road to vehicular traffic — the very outcome SUWA hopes to foreclose by participating in this case.
In short, SUWA’s asserted interest is subject to sufficient practical threat of impairment, and is sufficiently related to the property in dispute, that the impaired-interest requirement of Rule 24(a)(2) should not bar SUWA’s intervention.
Ill
Because I am unable to conclude that the United States adequately represents SUWA’s interests, I join Judge Ebel’s dissent from Section IV.B of the majority opinion. I reach this conclusion based on two observations. First, SUWA is narrowly concerned with its articulated interests, including the scope of any potential easement. By contrast, the government must, under its mandate, balance an array of competing political, environmental, and economic concerns. Second, by limiting SUWA’s participation to that of an amicus, we constrain its ability to effectively ensure that its interests are adequately advanced. Should the government change its position at a critical point in the litigation or settlement negotiations, SUWA will be left as a mere protestor forced to fight the rearguard action by renewing its motion to intervene at a late stage in the proceedings. SUWA must then confront all of the further procedural difficulties compounded by the unavoidable delay, as well as the huge burden of persuading the court to “do it all over again.” Judicial economy — and fairness — demand more.

. We are certainly not the first court to hold that a public interest group such as SUWA has a cognizable interest under Rule 24(a)(2) in a litigation despite lacking a "direct” legal interest (i.e., an ownership interest). See, e.g., Mausolf v. Babbitt, 85 F.3d 1295, 1302 (8th Cir.1996); Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 528 (9th Cir.1983).