FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 13, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LAWRENCE L. KELLY,

      Plaintiff-Appellant,

v.

No. 10-3218
(D.C. No. 2:09-CV-02188-KHV)
(D. Kan.)

MYRTLE WILSON; BRYAN GREENE;
UNITED STATES DEPARTMENT OF
HOUSING AND URBAN
DEVELOPMENT,

      Defendants-Appellees.

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **ANDERSON** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

submitted without oral argument.

Plaintiff/appellant Lawrence Kelly appeals the district court's dismissal of his claims against the United States Department of Housing and Urban Development (HUD) and two HUD employees. The district court entered a judgment dismissing Kelly's claims without prejudice for failure to properly serve the defendants, and subsequently entered a second judgment dismissing Kelly's claims with prejudice for lack of subject matter jurisdiction. Exercising appellate jurisdiction pursuant to 28 U.S.C. § 1291, we affirm in part and reverse in part and remand to the district court for entry of judgment of dismissal without prejudice.

I

This case arises out of a long-running dispute between Kelly and various housing assistance authorities. In 2004, the Topeka Housing Authority terminated Kelly's Section 8 housing assistance voucher as a result of Kelly's son's arrest for drug possession. Kelly filed suit against the Topeka Housing Authority in the United States District Court for the District of Kansas, alleging that the termination of his voucher was contrary to law. The district court dismissed Kelly's complaint pursuant to Fed. R. Civ. P. 12(b)(6), and this court affirmed. Kelly v. Topeka Hous. Auth., 147 F. App'x 723 (10th Cir. 2005) (unpublished).

During the time his suit against the Topeka Housing Authority was pending, Kelly also filed a discrimination complaint with HUD. HUD determined that there was no reasonable cause to believe that a discriminatory housing practice occurred and took no

2

further action on his complaint. ROA at 160. Kelly then filed additional complaints with HUD challenging the agency's handling and resolution of his complaint. On April 14, 2009, Kelly filed a pro se complaint in the district court naming HUD and two HUD employees as defendants. He alleged that "Myrtle Wilson refused to comply with the Fair Housing Act to protect Plaintiff's Housing Rights" and that "Bryan Greene refused to accept evidence to protect Plaintiff's Fair Housing Rights." Id. at 9. Kelly sought damages in excess of $3,000,000. Kelly also filed a motion to proceed in forma pauperis.

On April 22, 2009, a United States Magistrate Judge granted Kelly's request to proceed in forma pauperis and, pursuant to 28 U.S.C. § 1915(d), directed the United States Marshals Service to effect service of process. The magistrate judge ordered:

> On or before . . . May 1, 2009, Plaintiff shall provide to the Clerk's Office the addresses of all named Defendants so that the Clerk of the Court may proceed with service of process. The Clerk shall issue summons for Defendants. Service of the Summons and Complaint shall be effected by the United States Marshal or a Deputy United States Marshal, both of whom are hereby appointed for such purpose pursuant to Federal Rule of Civil Procedure 4(c)(3).

Id. at 71. In response, Kelly provided the court with Wilson's and Greene's HUD office addresses. The Marshals Service served HUD, Wilson, and Greene by mail and returns of service were filed. See id. at 75-83.

On July 15, 2009, Kelly filed a motion for default judgment, arguing that the defendants had failed to plead or otherwise defend. In response, the defendants argued that they were never properly served because Kelly failed to serve the United States Attorney for the District of Kansas, as required by Fed. R. Civ. P. 4(i). Id. at 86. The

3

district court denied Kelly's motion. In an apparent attempt to perfect service, Kelly subsequently sent copies of his motion for entry of default to the United States Attorney for the District of Kansas and the United States Attorney General. However, he did not send copies of the summons and complaint.

The defendants filed a motion to dismiss on January 8, 2010, arguing that Kelly's claims were barred by sovereign immunity, that Kelly failed to state a claim for relief, and that Kelly failed to properly serve the defendants. On June 30, the district court entered an order granting the defendants' motion to dismiss for failure to effect service. The district court entered a judgment dismissing Kelly's claims without prejudice. Id. at 199-200.

Kelly then filed a pleading that the district court construed as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). Kelly argued that dismissal was improper because, among other reasons, "the Court was in charge of contacting the Defendants." Id. at 203. The defendants filed a response reiterating their prior argument that the district court lacked subject matter jurisdiction and "urg[ing the] Court to dismiss this case for lack of subject matter jurisdiction so as to bar any future claims by Plaintiff." Id. at 213. The district court denied Kelly's motion and also directed Kelly to "show cause in writing . . . why the Court should not convert the order of dismissal without prejudice to an order of dismissal with prejudice." Id. at 238. After Kelly failed to refute the defendants' arguments regarding sovereign immunity, the district court entered an order and separate judgment dismissing Kelly's claims with prejudice for lack of subject

4

matter jurisdiction.

## II

We review a district court's dismissal for untimely or insufficient service of process for an abuse of discretion. ARW Exploration Corp. v. Aguire, 45 F.3d 1455, 1459 (10th Cir. 1995). We review a district court's dismissal for lack of subject matter jurisdiction de novo. Butler v. Kempthorne, 532 F.3d 1108, 1110 (10th Cir. 2008). We review the denial of a Fed. R. Civ. P. 59 motion for an abuse of discretion. Id.

As Kelly is a pro se litigant, we construe his pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). However, Kelly's pro se status does not excuse him from complying with the fundamental requirements of the Federal Rules of Civil Procedure. Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## III

### A. *Service of Process*

The district court dismissed Kelly's claims because he did not attempt to serve the United States. ROA at 199. In order to serve an agency of the United States or an officer or employee of the United States in his or her official capacity, a party must send a copy of the summons and complaint to the agency or officer and must also serve the United States. See Fed. R. Civ. P 4(i)(2). In order to serve the United States, a party must send or deliver a copy of the summons and complaint to the United States Attorney for the district where the action was brought and also send a copy of each to the Attorney

5

General of the United States.  Fed. R. Civ. P. 4(i)(1).

"When a plaintiff is granted in forma pauperis status, the district court is required to serve process for the plaintiff."  Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003). The magistrate judge's order granting Kelly's application to proceed in forma pauperis stated that the clerk's office and the Marshals Service would effect process.  ROA at 71. Thus, at least some of the fault for the failure to properly serve the defendants rests with the district court and the Marshals Service.  As we noted in Olsen, "Rule 4(i) is a lengthy and complicated rule."  333 F.3d at 1205.  Where the district court does not provide specific instructions as to how to correct a defect in service, "it is understandable that a pro se litigant might fail to fulfill all of Rule 4(i)'s requirements," particularly where the litigant was entitled to rely on the court to effect service in the first place.  Id.

Nonetheless, we need not determine whether the district court abused its discretion by dismissing Kelly's claims for failure to properly serve the defendants.  As discussed infra, we agree with the district court's determination that it lacked subject matter jurisdiction over Kelly's claims.

*B.  Subject Matter Jurisdiction*

We conclude that Kelly's claims are barred by sovereign immunity.  The principle of sovereign immunity means that the United States cannot be sued without its consent. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks, 960 F.2d 911, 913 (10th Cir. 1992). The federal courts lack subject matter jurisdiction over claims against the United States for which it has not waived sovereign immunity.  Iowa Tribe of Kan. & Neb. v. Salazar,

6

607 F.3d 1225, 1232 (10th Cir. 2010). Even when the United States is not a named defendant, a claim is against the United States if "the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States"[1] or by an agency of the United States. Atkinson v. O'Neill, 867 F.2d 598, 590 (10th Cir. 1989) (per curiam). That is the case here.

The gist of Kelly's complaint is that HUD violated his rights under the Fair Housing Act and the United States Constitution based on the manner in which it handled or resolved his complaint against the Topeka Housing Authority. Kelly seeks damages in excess of $3,000,000 as compensation for the violation of his rights. Construing Kelly's complaint liberally, it could be interpreted as an attempt to bring claims under the Fair Housing Act, the Administrative Procedure Act, the Federal Tort Claims Act, and/or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). All such claims, even if cognizable, would be barred by sovereign immunity. The United States has not waived its sovereign immunity from suits for money damages under the Fair Housing Act or the Administrative Procedure Act. See generally United States v. Nordic Vill., Inc., 503 U.S. 30, 37 (1992) (stating that a waiver of sovereign

---

[1] Kelly's claims against the individual defendants are properly characterized as official capacity claims. Kelly takes issue with the manner in which HUD handled his complaints, rather than with any particular actions by the individual defendants. See ROA at 104 (Kelly's letter to Wilson stating "your agency is discriminating against me"). Kelly's representations to the district court support this conclusion. See id. at 173 (Kelly's statements in a response brief that "[t]his suit is not against the United States of America. This suit is against [HUD] for not upholding the Fair Housing Act," and "[t]he Defendants have all been named in their official capacity").

7

immunity must be unequivocally expressed in the statutory text). The United States has not waived its sovereign immunity under the Federal Tort Claims Act for constitutional tort claims, F.D.I.C. v. Meyer, 510 U.S. 471, 477 (1994), and Kelly alleges no non-constitutional torts. And, finally, sovereign immunity bars a Bivens-type action against a United States agent in his or her official capacity. See Farmer v. Perrill, 275 F.3d 958, 963 (10th Cir. 2001) ("There is no such animal as a Bivens suit against a public official tortfeasor in his or her official capacity. Instead, any action that charges such an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States.").

Although the district court correctly determined that it lacked subject matter jurisdiction,[2] it erred by dismissing Kelly's claims with prejudice. A dismissal for lack of subject matter jurisdiction must be without prejudice because "the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." Brereton v. Bountiful City Corp., 434 F.3d 1213, 1216 (10th Cir. 2006); see also Martinez v. Richardson, 472 F.2d 1121, 1126 (10th Cir. 1973) ("It is fundamental . . . that a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore dismissal of the . . . claim must be without prejudice."). While we agree that the district court properly ruled that it was without subject matter

_____

[2] Our determination regarding subject matter jurisdiction renders Kelly's appeal of the denial of his Fed. R. Civ. P. 59 motion moot. We also express no opinion as to the propriety of the procedure employed by the district court, in which it sua sponte amended the reasoning and preclusive effect of its initial judgment.

8

jurisdiction, our precedents require a remand for entry of a judgment of dismissal without prejudice.

IV

The decision of the district court is affirmed in part and reversed in part. We affirm the district court's dismissal of Kelly's claims for lack of subject matter jurisdiction. We reverse and remand to the district court with instructions to vacate the judgment and enter judgment of dismissal without prejudice.


Entered for the Court


Mary Beck Briscoe
Chief Judge