**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICHARD C. BEALS,

Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT
OF JUSTICE and UNITED STATES
ATTORNEY'S OFFICE FOR THE
DISTRICT OF UTAH,

Defendants-Appellees.

No. 11-4187

(D. of Utah)

(D.C. No. 10-CV-00787-CW)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

---

Richard Beals appeals the district court's dismissal of his tort claims

against the United States government. We have jurisdiction under 28 U.S.C.

§ 1291, and we construe Beals's filings liberally because he is proceeding *pro se*.

*See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). Because the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

district court correctly dismissed Beals's claims for lack of subject-matter jurisdiction, we AFFIRM its judgment.

## I. Background

Beals's claims relate to his 1988 trial and conviction for threatening a court clerk. Beals alleges the government unlawfully withheld exculpatory evidence in that proceeding, thereby violating his constitutional rights. He seeks money damages under 42 U.S.C. § 1983 and the Federal Tort Claims Act (FTCA). Beals previously raised similar claims in a 1993 suit, which the district court dismissed with prejudice.

The district court referred this case to a magistrate judge. The government filed a motion to dismiss. The magistrate judge recommended the district court dismiss the case for four reasons. *See* R., Vol. 1, Doc. 28, Report & Recommendation, *Beals v. DOJ*, No. 2:10-cv-00787-CW (D. Utah, Aug. 10, 2011) (Alba, M.J.). First, the court did not have jurisdiction because neither § 1983 nor the FTCA provided an appropriate waiver of sovereign immunity. Second, Beals's § 1983 claim was time-barred under Utah's four-year statute of limitations for personal injury claims. Third, Beals's § 1983 was barred by issue preclusion because Beals brought the same claim in his 1993 suit. Fourth, Beals's FTCA claim was barred by claim preclusion because he could have brought it in his 1993 suit, but did not.

The district court adopted the magistrate judge's recommendation over Beals's objection and dismissed the case.

## II.  Discussion

The government argues it is immune from suit because Congress has not waived sovereign immunity for either of Beals's claims.  "[T]he United States cannot be sued without its consent."  *Iowa Tribe of Kan. & Neb. v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks*, 960 F.2d 911, 913 (10th Cir. 1992)) (internal quotation mark omitted).  District courts "lack subject matter jurisdiction over a claim against the United States for which sovereign immunity has not been waived."  *Id.* (citing *Normandy Apts., Ltd. v. HUD*, 554 F.3d 1290, 1295 (10th Cir. 2009)).  When the United States does consent to be sued, "it can impose conditions on that consent," *San Juan County v. United States*, 503 F.3d 1163, 1175 (10th Cir. 2007), and "the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction," *Sw. Four Wheel Drive Ass'n. v. BLM*, 363 F.3d 1069, 1071 (10th Cir. 2004) (quoting *United States v. Mottaz*, 476 U.S. 834, 841 (1986)) (internal quotation mark omitted).  The plaintiff bears the burden of establishing the United States' waiver of sovereign immunity.  *Iowa Tribe of Kan. & Neb.*, 607 F.3d at 1232.

Here, Beals fails to show that § 1983 waives the government's sovereign immunity. As we have noted before, § 1983 "appli[es] only to actions by state and local entities, not by the federal government." *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000). In addition, § 1983 "does not apply to federal officers acting under color of federal law." *Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997). Thus, we have no jurisdiction over Beals's § 1983 claim.

Beals likewise fails to demonstrate the government's waiver of sovereign immunity for his FTCA claim. The FTCA waives sovereign immunity only if "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). In addition, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b); *see Franklin Sav. Corp. v. United States* (*In re Franklin Sav. Corp.*), 385 F.3d 1279, 1287 (10th Cir. 2004). This timeliness condition is jurisdictional. *Franklin Savings Corp.*, 385 F.3d at 1287. Because Beals's claim is not timely, the district court had no jurisdiction over it.

Having determined that the district court lacked jurisdiction over all of Beals's claims, we need not address the alternate grounds for dismissal advanced by the district court.

## III.  Conclusion

For the reasons stated above, we AFFIRM the district court's dismissal. The government's motion to dismiss is DISMISSED as moot.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge